586 So.2d 1305 (1991)
Pablo COLON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02695.
District Court of Appeal of Florida, Second District.
October 2, 1991.
PER CURIAM.
Pablo Colon appeals the summary denial of his motion for postconviction relief. We reverse.
Originally Colon was charged with capital sexual battery. § 794.011(2), Fla. Stat. (1989). However, he was permitted to enter a plea to the reduced charge of attempted sexual battery, and was sentenced to ten years in prison. Colon now alleges that the plea was the product of misinformation and coercion on the part of defense counsel, and so was not freely and voluntarily entered.
Certain of the claims are conclusory and would not in and of themselves entitle Colon to relief. For example, he states that counsel intimidated him with details of the "far more cruel and unusual [life] sentence" he could expect should he be convicted as charged. In fact, counsel would have been remiss had he not fully apprised his client that the charges carried a mandatory life sentence. However, Colon also alleges that counsel said he would "only have to do two years on this sentence." If true, this could entitle Colon to relief. See, e.g., McLendon v. State, 502 So.2d 101 (Fla. 2d DCA 1987) (counsel promised more lenient sentence than that actually imposed); Ray v. State, 480 So.2d 228 (Fla. 2d DCA 1985) (counsel misled defendant as to effect of plea on eligibility for gain time). The record before us does not conclusively refute Colon's contention that he was promised a more lenient sentence than he actually received.
We are also concerned by Colon's claim that his "appellate rights [were] not sustained." Prior to entering the plea Colon moved to declare the victim incompetent to testify. The trial court's finding of competency appears to have been a major factor in counsel's recommendation that Colon accept the plea. Attached to the motion is a letter purportedly from defense counsel, reminding Colon that this ruling "is the very thing that we are appealing." In fact, Colon's direct appeal was dismissed pursuant to Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). Colon v. State, 581 So.2d 1318 (Fla. 2d DCA 1991) (unpublished order). Assuming the competency question would have been dispositive of this case, *1306 Colon would have been obligated to enter a plea of no contest, specifically reserving the right to appeal this ruling. In fact, he pled guilty with no reservation of appellate rights.
Elsewhere this court has held that erroneous advice regarding a defendant's appellate rights can constitute ineffective assistance of counsel, and may undercut the voluntariness of a plea. Helms v. State, 573 So.2d 116 (Fla. 2d DCA 1991). While Colon's claim is not set forth with lawyer-like precision, when the motion and supporting attachments are taken as a whole we believe he has presented a prima facie showing that his rights were not preserved.
After remand the trial court should re-examine the files and records in this case to determine whether anything therein conclusively refutes the two claims discussed in this opinion. If so, the court may again deny the motion, attaching to its order those exhibits relied upon in reaching that conclusion. If not, an evidentiary hearing may be necessary.
In conclusion, given the rather unusual claims made in this motion, we deem it advisable to discuss the appropriate remedy should the trial court conclude that Colon is entitled to relief on either point. Should the court find that Colon reasonably believed he would serve no more than two years in exchange for his plea, it should allow him the option of withdrawing the plea. However, Colon should be fully aware that such a move would return him to the status quo ante, whereby he would face a mandatory life sentence if convicted as charged.
If, on the other hand, the court finds that Colon intended to appeal the pretrial ruling regarding the victim's competency, it would not necessarily be required to vacate the plea. If the state understood, when offering the reduced charge, that Colon intended to appeal, and were to agree that the ruling was dispositive, the court may instead permit him to substitute a plea of no contest for the guilty plea. If, on the other hand, the plea bargain required Colon to forego any appellate rights, and Colon was not sufficiently apprised of this fact, the court again should present Colon with the option of withdrawing the plea or letting it stand.
Reversed.
THREADGILL, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.