595 So.2d 271 (1992)
Pablo COLON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00416.
District Court of Appeal of Florida, Second District.
March 13, 1992.
PER CURIAM.
Pablo Colon appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
This is the third appeal in this case. In 1990 Colon entered a guilty plea to two counts of attempted sexual battery and one count of lewd assault. He appealed from the judgment and sentence. However, the appeal was dismissed pursuant to Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). Colon v. State, 581 So.2d 1318 (Fla. 2d DCA 1991) (table). Colon then filed his motion for postconviction relief. In Colon v. State, 586 So.2d 1305 (Fla. 2d DCA 1991), we reviewed the various grounds raised in the motion and concluded that two warranted further examination by the circuit court. The present appeal follows the proceedings after mandate.
The attachments to the trial court's latest order are sufficient to refute the *272 first issue. Colon claimed that counsel promised a more lenient sentence than actually received. A transcript of the plea colloquy reveals that Colon denied any promises apart from the terms of his plea bargain. We therefore affirm the denial of relief with respect to this issue.
We cannot, however, reach the same conclusion with regard to the second issue. The facts are set forth in some detail in our prior opinion. Prior to entering his plea, Colon asked the trial court to declare the minor victim incompetent to testify. When the court found otherwise, Colon was advised to, and did, plead guilty. This resulted in the dismissal of his appeal. Colon now asserts that he was led to believe his appellate rights would be preserved. See, e.g., Helms v. State, 573 So.2d 116 (Fla. 2d DCA 1991).
In response to this claim the trial court has furnished a written plea agreement signed by Colon. This indicates a "best interests" plea, with no mention made of an appeal even though the form provides a separate checkoff for no contest pleas wherein appellate issues are being preserved. This does suggest Colon may have abandoned his plan to appeal in exchange for a plea offer to reduced charges. However, in the previous appeal we noted the existence of a letter, purportedly from counsel and dated after the plea, reminding Colon that the pretrial ruling "is the very thing that we are appealing." We must conclude that this letter, assuming it is genuine, creates an issue of fact which the plea form does not conclusively refute. Accordingly, we must reverse for further proceedings regarding this one issue. Our previous opinion outlines the appropriate remedy in the event the trial court finds relief is warranted.
Affirmed in part, reversed in part, and remanded with instructions.
FRANK, A.C.J., and THREADGILL and PARKER, JJ., concur.