JOANOS, Chief Judge.
Appellant, Benjamin Green, appeals an order denying his motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, alleging as grounds therefor that his counsel provided ineffective assistance, and his conviction was obtained by means of a coerced confession. The trial court denied relief, finding the allegations of the motion refuted by the negotiated written plea of guilty, a copy of which purportedly was attached to the order denying relief. We reverse with respect to the claims of ineffective assistance of counsel.
On December 23, 1991, appellant pled guilty to first degree murder, and was sentenced to a 25-year minimum mandatory term of incarceration. In support of his claims of ineffective assistance of counsel, appellant alleged that his counsel told him “there was no way to beat the case;” that the state would seek the death penalty if the case went to trial; and “there was no way to appeal the death penalty.”
*684 Such allegations are facially sufficient to avoid summary denial of a motion for post-conviction relief. See McCoy v. State, 598 So.2d 169, 171 (Fla. 1st DCA 1992); Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991); Colon v. State, 586 So.2d 1305 (Fla. 2d DCA 1991). Indeed, the trial court’s order recognized as much, with the stated intent to attach the negotiated guilty plea to the order denying appellant’s motion. Since the referenced document was not included with the record furnished to this court, we must reverse and remand for attachment of the portions of the record which conclusively refute appellant’s allegations of ineffective assistance of counsel. We do not address appellant’s claim that his confession was coerced, because the allegations in support of the claim are insufficient to warrant further inquiry.
Accordingly, the order denying post-conviction relief is reversed and remanded for attachment of those portions of the record which conclusively refute appellant’s ineffective assistance of counsel claims, or for an evidentiary hearing.
ALLEN and WEBSTER, JJ., concur.