627 So.2d 1328 (1993)
Gregory ZAETLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1642.
District Court of Appeal of Florida, Third District.
December 14, 1993.
*1329 Bennett H. Brummer, Public Defender, and Rosa Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark C. Katzef, Asst. Atty. Gen., for appellee.
Before HUBBART and GERSTEN and GODERICH, JJ.
PER CURIAM.
Because (1) the defendant Gregory Zaetler in the plea colloquy conducted below by the trial court testified that no promises had been made to him other than the plea-negotiated sentence promise which was honored, and (2) his counsel at the time took no issue with this sworn statement, we conclude that the files and records of the court conclusively refute the defendant's belated claim in a post-conviction motion to vacate under Fla. R.Crim.P. 3.850 that defense counsel erroneously promised the defendant that he would receive provisional gain time on his plea-negotiated sentence and would serve only five years in prison on his thirty-year sentence. Accordingly, the trial court properly denied the defendant's motion to vacate under Fla.R.Crim.P. 3.850 without an evidentiary hearing; this result is not changed by the fact that an affidavit by defense counsel supporting this claim was attached to the motion to vacate because the plea colloquy statement of the defendant conclusively refutes both the motion and the incorporated affidavit. Fla. R.Crim.P. 3.850(d); State v. Weeks, 166 So.2d 892 (Fla. 1964); Simmons v. State, 611 So.2d 1250, 1253 (Fla. 2d DCA 1992).
Affirmed.