631 So.2d 346 (1994)
Wayne CARMICHAEL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02065.
District Court of Appeal of Florida, Second District.
February 4, 1994.
*347 Ronnie G. Crider, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
LAZZARA, Judge.
Wayne Carmichael appeals the summary denial of his amended motion for postconviction relief. He alleges that prior to his negotiated pleas of guilty his trial counsel represented to him that he would only serve four to five years of the twenty-two year sentence he was to receive based on his eligibility for the controlled release program. See § 947.146, Fla. Stat. (1991). He further alleges that but for this representation he would not have pled guilty. He has since learned from the Department of Corrections that he is not eligible for controlled release and now seeks to withdraw his pleas for a trial on the merits. If his sworn assertion about his trial counsel's misrepresentation is true, he may be entitled to relief. Logan v. State, 619 So.2d 350 (Fla. 2d DCA 1993).
We reverse and remand for an evidentiary hearing. In doing so, we find that the written plea form and the transcript of the plea colloquy attached to the trial court's order do not conclusively refute Carmichael's allegation of misrepresentation. Eady v. State, 622 So.2d 61 (Fla. 1st DCA 1993). We also find it appropriate to make the following comments which we hope will prove beneficial in expeditiously resolving postconviction motions based on alleged unfulfilled promises of eligibility for early release.
We again reiterate that "a trial court is always well-advised, when accepting a plea, to ascertain whether any promises were made to the defendant apart from those discussed during the plea colloquy." Simmons v. State, 611 So.2d 1250, 1253 (Fla. 2d DCA 1992) (emphasis in original). It would be a simple matter during the plea dialogue to have the defendant affirm under oath that no one, especially the defendant's counsel, has made any promises concerning eligibility for any form of early release authorized by law and the actual amount of time to be served under the sentence to be imposed. It would also be beneficial to have the defendant further acknowledge the absence of such promises in a written plea form, if one is routinely used by the judge.
Although we are not holding that such an inquiry is required, see Dolan v. State, 618 So.2d 271, 273 n. 2 (Fla. 2d DCA 1993), such a procedure would add little to the burdens of the trial bench and would hopefully result in facilitating summary disposition of this type of case at the trial and appellate levels.[1] A defendant who has initially acknowledged under oath that no such promises have been made will generally be *348 estopped at a later time to claim otherwise. Simmons, 611 So.2d at 1253. See also Colon v. State, 595 So.2d 271 (Fla. 2d DCA 1992) (transcript of plea colloquy in which defendant denied any promises apart from plea agreement sufficient to refute claim that counsel promised a more lenient sentence). Additionally, in an appropriate case, such a defendant may face the sanctions of contempt or perjury. E.g., Thomas v. State, 210 So.2d 488 (Fla. 2d DCA 1968).
On remand, if Carmichael sustains his burden under Dolan, and proves that his pleas of guilty were "tainted" by his trial counsel's promise of eligibility for controlled release, the trial court must afford him an opportunity to withdraw those pleas. However, Carmichael "should be fully aware that such a move would return him to the status quo ante, whereby he would face" any appropriate sentence authorized by law should he subsequently be convicted. Colon v. State, 586 So.2d 1305, 1306 (Fla. 2d DCA 1991).
Reversed and remanded with directions.
SCHOONOVER, A.C.J., and PARKER, J., concur.
NOTES
[1] This assumes that trial judges, when faced with a legally sufficient postconviction relief motion, will comply with the mandate of attaching to their summary orders of denial "a copy of that portion of the files and records that conclusively shows that the prisoner is entitled to no relief." Fla.R.Crim.P. 3.850(d).