FULMER, Judge.
Eric Stearns Barney appeals the denial of his motion for postconviction relief asserting six grounds for reversal. Barney’s allegation that his plea was not voluntarily entered may have merit. We reverse and remand for further proceedings as to this issue only.
Barney claims that he entered his plea based upon trial counsel’s erroneous advice that sentencing as a habitual felony offender is mandatory. In light of the recent supreme court ruling that habitual felony offender sentencing is not mandatory, Burdick v. State, 594 So.2d 267 (Fla.1992), Barney claims that he was misled and, as a result, he did not understand the consequences of his plea. If these allegations are true, Barney might be entitled to withdraw his plea. A defendant’s plea is involuntary where he is misled and induced to plead by his counsel’s mistaken advice. Shell v. State, 501 So.2d 1334, 1336 (Fla. 2d DCA 1987).
Barney’s claim is facially sufficient and the order summarily denying the motion for postconviction relief is not supported with a copy of the plea form or any exhibits or reference to the record. Accordingly, we reverse the order denying postconvietion relief as to this issue. On remand, the trial court may either hold an evidentiary hearing to address Barney’s claim or attach those portions of the transcript and record that refute the claim. In all other respects the order denying the motion for postconviction relief is affirmed.
Affirmed in part, reversed in part, and remanded with instructions.
FRANK, C.J., and PATTERSON, J., concur.