645 So.2d 59 (1994)
Ernest M. STEELE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3812.
District Court of Appeal of Florida, Fourth District.
November 2, 1994.
Ernest M. Steele, pro se.
No appearance required for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Defendant has moved for rehearing of our opinion filed April 20, 1994. We withdraw our opinion, substitute the following opinion and deny defendant's motion for rehearing.
Defendant appeals the summary denial of his motion for post-conviction relief. In the first verified motion, defendant alleged that his plea was involuntary because his trial counsel failed to inform him that he would not be eligible for gain time as a habitual offender. After the state responded with case law demonstrating that defendant's argument was legally insufficient, defendant filed a sworn motion to amend. He alleged that he had made several "typos" in his motion and that he had really meant to state that his trial counsel had affirmatively misrepresented *60 to him that he would be eligible for gain time under the plea agreement. Defendant's explanation that his substantially changed story from the first motion to the second motion was a typographical error lacks any semblance of believability.
Even accepting defendant's belated story as true, we nonetheless affirm the trial court's denial of defendant's motion for post-conviction relief. On the issue of counsel's alleged misrepresentation of defendant's eligibility for gain time, the record reflects defendant's acknowledgment at his plea hearing that no "promises," other than those referred to at the plea hearing, had been made to him by anyone. This inquiry and response is sufficient to support a summary denial of his claim. See Zaetler v. State, 627 So.2d 1328 (Fla. 3d DCA 1993), rev. denied, 639 So.2d 984 (Fla. 1994).
However because gain time affects the length of a defendant's incarceration, we agree with the second district in Carmichael v. State, 631 So.2d 346 (Fla. 2d DCA 1994), which announced in dicta, that it would be preferable for a trial court to ask a specific question as to promises concerning gain time:
It would be a simple matter during the plea dialogue to have the defendant affirm under oath that no one, especially the defendant's counsel, has made any promises concerning eligibility for any form of early release authorized by law and the actual amount of time to be served under the sentence to be imposed. It would also be beneficial to have the defendant further acknowledge the absence of such promises in a written plea form, if one is routinely used by the judge.
Although we are not holding that such an inquiry is required, see Dolan v. State, 618 So.2d 271, 273 n. 2 (Fla. 2d DCA 1993), such a procedure would add little to the burdens of the trial bench and would hopefully result in facilitating summary disposition of this type of case at the trial and appellate levels... .
Id. at 347 (emphasis added).
In Carmichael, an evidentiary hearing was required because there was no inquiry by the trial court as to any promises made to the defendant apart from those discussed during the plea colloquy; thus, it is distinguishable from this case. Here an inquiry as to such promises was made, which is sufficient to summarily defeat defendant's motion, especially in light of the dubious manner in which his claims and sworn allegations were presented to the court.
GLICKSTEIN and PARIENTE, JJ., and HARRY LEE ANSTEAD, Associate Judge, concur.