656 So.2d 558 (1995)
Paul LEROUX, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1019.
District Court of Appeal of Florida, Fourth District.
June 14, 1995.
Bernard F. Daley, Jr. of Daley & Associates, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William A. Spillias, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant appeals the summary denial of his motion for post-conviction relief. We reverse and remand for an evidentiary hearing because the plea colloquy does not conclusively refute defendant's allegation that his negotiated plea was a product of trial counsel's alleged misrepresentations concerning the amount of the sentence he would actually serve and his eligibility for gain time.
*559 Defendant alleges that prior to his negotiated plea of guilty, his trial counsel represented to him that he would serve no more than four years of his sentence after being credited with gain time. He further alleges that but for this misrepresentation he would not have pled guilty. Defendant has since learned through his present counsel that he is required to serve at least seven years of his fifteen-year sentence. If defendant's sworn assertion about his trial counsel's representation is true, he may be entitled to relief. Carmichael v. State, 631 So.2d 346 (Fla. 2d DCA 1994); Eady v. State, 622 So.2d 61 (Fla. 1st DCA 1993).
In this case, defendant was asked by the trial court whether anyone "had promised [him] anything to get [him] to [plea]?" By responding in the negative to the trial court's question, defendant generally denied the existence of other promises that led him to plead, but did not specifically deny whether any additional promises were made to him concerning the terms of the plea, other than those discussed in the colloquy.
When the trial court described the terms of the negotiated plea, it said nothing which could have been construed as an indication to defendant that he would be required to serve more than four years. Based on the trial court's description of the terms of the plea  a three-year mandatory maximum coupled with 79 days credit for time served  defendant could have consented to plead with the understanding that he would serve no more than four years, as allegedly promised by his counsel. Because misinformation about gain time affects the length of a defendant's incarceration, the record before us should conclusively refute any possible interpretations of what a defendant meant or understood when responding to a general "promises" question before we affirm a summary denial.
When accepting a plea, trial courts are well advised at a minimum to ascertain whether any promises were made to a defendant concerning the sentence apart from those discussed during the plea colloquy. See Steele v. State, 645 So.2d 59 (Fla. 4th DCA 1994). In Steele, we affirmed the summary denial of the defendant's motion for post-conviction relief based on the defendant's acknowledgment at his plea hearing that no "promises," other than those referred to at the plea hearing, had been made to him by anyone.[1] 645 So.2d at 60; see also Colon v. State, 595 So.2d 271 (Fla. 2d DCA 1992). In Zaetler v. State, 627 So.2d 1328, 1329 (Fla. 3d DCA 1993), review denied, 639 So.2d 984 (Fla. 1994), a plea colloquy in which the defendant testified that no promises had been made to him "other than the plea-negotiated sentence promise" conclusively refuted the defendant's belated claim that counsel had misrepresented the amount of sentence he would serve.
Careful examination of the transcript attached to the motion for post-conviction relief convinces us that there is nothing which conclusively refutes defendant's allegation that trial counsel affirmatively misinformed him that he would serve four years or less of the fifteen-year sentence. The general question in this case is distinguishable from the more narrow and precise questions in Steele, Zaetler and Colon. Accordingly, the order of summary denial is reversed and this cause is remanded for an evidentiary hearing consistent with this opinion.
STEVENSON, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I recognize that there may be a difference between asking a defendant whether anything was promised to get the defendant to agree to a plea, and asking whether any additional promises were made to the defendant concerning the terms of the plea apart from those discussed during the taking of the *560 plea. However, I fail to see what difference that difference makes in terms of eliciting a different response from a defendant vis-a-vis any promises made by his attorney with regard to gain time. I concur in the suggestion that trial courts should make a specific inquiry as to whether anything was promised as to the length of time to be served on a proposed sentence. But short of that, I cannot accept that defendants, under the tension of the circumstances, can be expected to distinguish one inquiry as being limited only to the agreed terms, exclusive of a gain time credit, and the other as referring to promises made by counsel as to gain time.
Therefore, concluding that there is no substantial difference between this inquiry and that approved in Steele or Colon, I would affirm.
NOTES
[1] In Steele we also recommended, in accordance with Carmichael, that the trial court question the defendant specifically about "promises concerning eligibility for any form of early release authorized by law and the actual amount of time to be served under the sentence to be imposed." 645 So.2d at 60. Such additional inquiry would hopefully result in facilitating summary disposition of collateral attacks on sentences at both the trial and the appellate levels. Steele; Carmichael.