PER CURIAM.
Appellant, Otto Jones, III, appeals the trial court’s summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] We affirm all issues raised except appellant’s second issue, in which he contends that he entered an involuntary plea, based upon his attorney’s advice that he would serve no more than two years of a negotiated ten-year sentence. We reverse and remand on this issue.
Following the imposition of his sentence, Jones learned that he was not entitled to early release because of the nature of his crime. An allegation that defense counsel represented to his or her client that the latter would serve a lesser term of years than is permitted by law states a prima facie case for 3.850 relief. See, e.g., Eady v. State, 622 So.2d 61 (Fla. 1st DCA 1993); Leroux v. State, 656 So.2d 558 (Fla. 4th DCA), review granted, 663 So.2d 632 (Fla.1995). The trial court did not attach a transcript of the plea hearing; therefore, we cannot determine whether Jones testified that he had not been given any promises regarding the amount of time he would serve on his sentence. Contrary to the trial court’s holding, we cannot consider the following statement in the written plea agreement as conclusively refuting Jones’s claim:
4. No person, officer, agent or any official of any branch of government, nor my attorney, has made any promises or suggestions of any kind to me or anyone else to my knowledge, that if I would plead guilty to these charges that I would receive a light sentence, probation or other form of leniency, except as set forth below in the following plea bargain agreement.
(Emphasis added.) Early release by the Department of Corrections is not equivalent to a light sentence, probation, or leniency.
We reverse on this issue and remand to permit the trial court to attach portions of *226 the record that refute this allegation or to hold an evidentiary hearing.
AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings.
ERVIN, MINER and WEBSTER, JJ., concur.

. Jones pled guilty on May 7, 1993, and filed his 3.850 petition May 30, 1995. This was timely, pursuant to Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988), and Caracciolo v. State, 564 So.2d 1163 (Fla. 4th DCA 1990) (on rehearing).