680 So.2d 585 (1996)
Clifford JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4107.
District Court of Appeal of Florida, Fourth District.
September 11, 1996.
Rehearing Denied October 22, 1996.
*586 Clifford Jones, Raiford, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
Defendant appeals the summary denial of his motion for post conviction relief. We affirm because the record demonstrates conclusively that such relief is not warranted. Stano v. State, 520 So.2d 278, 280 (Fla.1988).
Initially, defendant was convicted of possession of cocaine and sentenced to community control followed by probation. He violated his community control. On June 7, 1993, he admitted the violation and was sentenced to four and one-half years in prison. On the same date, defendant pled guilty to two unrelated crimesattempted first degree murder with a firearm and possession of a firearm by a convicted felon. He was sentenced on the murder charge within the guidelines to 27 years, with a three year mandatory minimum, and to 15 years on the firearm crime. The two lesser sentences ran concurrently with each other and with the sentence on the murder charge. Although defendant would have qualified for habitual offender sentencing, his plea bargain did not contemplate any enhancement. This court affirmed these convictions and sentences. Jones v. State, 635 So.2d 28 (Fla. 4th DCA 1994).
Defendant timely filed a post conviction motion under Florida Rule of Criminal Procedure 3.850. The contention that we address on this appeal is that his plea was not voluntarily or intelligently made. Defendant alleges that his lawyer misstated the law by advising him, prior to entering the plea, that if found guilty as an habitual offender "you're never going to get out of prison because the judge is obligated to sentence you to life." The trial court denied the 3.850 motion without a hearing, adopting the state's response *587 which included a transcript of the plea conference.
At the June 7, 1993 plea conference, defense counsel told the court,
I have explained to [defendant] the maximum penalties on each case and what could happen if the prosecutor has filed a habitual offender notice on the substantive charge and exactly what that means with habitualized life felony.
During the plea colloquy with defendant, the judge discussed the consequences of habitualization with defendant:
The Court: You also understand you are habitually qualified. That means if the Court were to declare you to be a habitual offender, that you could be sentenced to life as a habitual offender ...
The Defendant: Yes, your Honor.
The Court: Do you have any questions about ... any of the sentences that the Court can impose?
The Defendant: No, your Honor.
Defendant's claim that his plea was involuntary was refuted by the transcript of the plea conference, which demonstrates that the trial court correctly advised him about the potential habitual offender sentence. The judge did not tell the defendant that if convicted as an habitual offender, then imposition of a life sentence was mandatory.[1] Defendant's acknowledgement that he understood the sentence and his failure to raise any questions at the plea conference bar him from raising this issue by way of a Rule 3.850 motion.
Florida Rule of Criminal Procedure 3.172(c) requires the trial court to determine the voluntariness of a defendant's plea by placing him under oath, imparting certain information, and asking him questions. The obligation of the defendant is to listen to what the judge is saying and to truthfully answer the questions posed. One of the factors going to the voluntariness of a plea is a defendant's knowledge of the maximum potential penalty for the charge to which the plea is offered. Fla.R.Crim.P. 3.172(c)(1); see Barney v. State, 636 So.2d 873 (Fla. 2d DCA 1994). Here, the judge correctly advised defendant as to the possibility of life imprisonment upon conviction as an habitual felony offender. Defendant indicated that he understood the nature of the potential sentence. If he had been told something different by his lawyer, defendant was obligated to speak up at the plea conference and ask the court about the discrepancy. He could not stand mute, accept the benefits of the plea, and then collaterally attack its voluntariness on the basis of something that should have been cleared up at the time of the plea.
Although this case does not involve a claim that defendant was misled about the sentence actually imposed, it is closely analogous to Steele v. State, 645 So.2d 59 (Fla. 4th DCA 1994). There a defendant claimed in a Rule 3.850 motion that his plea was involuntary because defense counsel failed to inform him that he would not be eligible for gain time as an habitual offender. We affirmed the summary denial of the motion, stating that,
the record reflects defendant's acknowledgement at his plea hearing that no "promises," other than those referred to at the plea hearing, had been made to him by anyone. This inquiry and response is sufficient to support a summary denial of his claim.
Id. The depth of the court's inquiry at the plea conference in this case is analogous to that in Steele. Certainly no more comprehensive record showing should be required here. The most immediate concern of a defendant entering a plea is the actual sentence that will be served. Unlike the misstatement of maximum sentence asserted by defendant, gain time misinformation claims involve a greater potential for a mistake that undermines a plea's voluntariness, because of their unique mathematics, where a five-year sentence rarely means five years. For that reason, appellate courts have suggested that trial courts make more focused inquiries concerning gain time or early release representations *588 made out of court. See Leroux v. State, 656 So.2d 558 (Fla. 4th DCA), rev. granted, 663 So.2d 632 (Fla.1995); Carmichael v. State, 631 So.2d 346 (Fla. 2d DCA 1994).
AFFIRMED.
STONE, J., concurs.
STEVENSON, J., dissents in part with opinion.
STEVENSON, Judge, dissenting in part.
As I understand Jones' claim, he alleges that his defense counsel advised him that if he proceeded to trial and was then found guilty as an habitual offender, the judge would be obligated to sentence him to life imprisonment. Thus, it appears that Jones is claiming that he entered a plea so that he would not have to face the mandatory life sentence that his lawyer advised would follow conviction if he went to trial. Jones asserts in his motion that his counsel informed him that "if it was his true desire to proceed to trial," if he were found guilty the judge would be "obligated to sentence you to life." Therefore, a fair reading of Jones' motion suggests that Jones is arguing that he believed, based on advice from his lawyer, that the trial judge's sentencing options and obligations could be different depending on whether he was sentenced after a trial or after entering a so-called "straight-up" plea to the court. Admittedly, Jones, a pro se litigant, does not articulate this subtlety very clearly in his motion.
At the plea colloquy the trial judge informed Jones of the maximum sentence that he faced upon entering a plea to the charges. The trial judge's plea colloquy would not necessarily have cleared up an erroneous belief that the maximum sentence after a trial could be different; neither would the plea colloquy necessarily have prompted an additional inquiry from Jones concerning the matter since it was not inconsistent with the advice he had allegedly been given.
Lawyers and judges know that criminal sentencing options do not depend on whether the defendant exercises his constitutional right to proceed to trial; we cannot assume that every defendant appreciates this basic tenet of American law. Jones claims that he would not have entered his plea had he been properly advised. I would reverse and remand instructing the trial court to conduct an evidentiary hearing so that it may be conclusively determined whether Jones is entitled to relief.
I concur in the remainder of the majority opinion.
NOTES
[1] Attempted murder is a first degree felony. §§ 782.04(1)(a), 777.04(4)(b), Fla.Stat. (1995). Burdick v. State, 594 So.2d 267 (Fla. 1992), held that where a first degree felony was subject to sentencing under the habitual felony offender statute, a life sentence was permissive and not mandatory under section 775.084(4)(a)1, Florida Statutes (1993).