PER CURIAM.
The appellant, Martin Drymon, challenges the trial court’s order denying his motion to withdraw his plea filed pursuant to Florida Rule of Criminal Procedure 3.850. The appellant raises two claims. We reverse and remand for further proceedings on the appellant’s claim that his plea was involuntarily entered because trial counsel erroneously advised him that he qualified to be sentenced as a habitual offender. We, however, affirm the trial court’s denial of his claim that his plea was involuntary because the amendments to *973 rule 33-11.0065, Florida Administrative Code, retroactively limited his ability to earn gain time.
The appellant entered a plea to sexual battery and was sentenced, pursuant to a plea bargain, to twenty years’ prison as a habitual offender.[1] The appellant’s motion alleged that although he was advised by trial counsel that he qualified for habitualization, this was not in fact the case because all his prior felony convictions occurred on the same day rather than sequentially as required by the statute. The attachments to the trial court’s order do not refute this claim. It appears from the transcript of the change of plea hearing that the sexual battery for which the appellant was sentenced occurred on December 21, 1994. That being the case, the statute in effect at the time of the commission of the offense required sequential convictions. § 775.084(5), Fla. Stat. (1993); Prince v. State, 684 So.2d 850 (Fla. 2d DCA 1996). The appellant’s claim that he was induced to plead by the misadviee of trial counsel is facially sufficient. See Barney v. State, 636 So.2d 873 (Fla. 2d DCA 1994). Accordingly, we reverse the trial court’s denial of appellant’s claim and remand for further proceedings on this issue. If the trial court again denies the appellant relief, it shall attach those portions of the record that conclusively refute the appellant’s claim.
Regarding the appellant’s second claim, Gwong v. Singletary, 683 So.2d 109 (Fla. 1996), held the amended rule 33-11.0065 to be invalid. We, therefore, affirm the trial court’s denial of this claim. See Azmoe v. State, 687 So.2d 70 (Fla.3d DCA 1997).
DANAHY, A.C.J., and CAMPBELL and NORTHCUTT, JJ., concur.

. The appellant also, on the same day, pleaded guihy to violating his communily control and received a concurrent sentence. The appellant's 3.850 motion addressed only the new charge.