736 So.2d 713 (1999)
Gregory JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04823.
District Court of Appeal of Florida, Second District.
June 9, 1999.
*714 PER CURIAM.
Gregory Johnson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Two claims he advances are facially sufficient and are not adequately refuted by the record attachments provided by the trial court. We therefore reverse on those two issues. We affirm on Johnson's remaining claims.
Johnson pleaded no contest to sale of cocaine and was sentenced to fifteen years' prison as a habitual offender. It is undisputed that Johnson pleaded without any negotiated sentence in place, and that he stipulated that he qualified as a habitual offender. However, Johnson asserts in his motion that his attorney told him that if he pleaded "straight up" that the judge would sentence him to either a guidelines sentence or to the sentence recommended by the presentence investigation report. Johnson also alleges that his attorney told him that if he went to trial on the charges rather than pleading, and was found guilty, the judge would be legally required to sentence him to thirty years' confinement, the maximum habitual offender sentence.
The trial court denied Johnson's motion finding that the above claims were both refuted by the record. The trial court attempted to refute Johnson's claim that he was promised a guidelines sentence by attaching letters sent by Johnson's counsel to him. These letters were obtained by the state attorney in response to Johnson's motion. As such, these documents are outside of the official record and may not be used to refute Johnson's claims. See Cintron v. State, 504 So.2d 795 (Fla. 2d DCA 1987).
Nonetheless, we find that Johnson's claim that he was promised a guidelines sentence was adequately refuted by the transcript of the plea colloquy which the court also attached to its order. During the plea colloquy, the court explained to Johnson the maximum sentence provided by statute for sale of cocaine, the maximum habitual sentence, and the effects of habitualization. The court also asked Johnson if anyone had promised him anything or threatened him, to which Johnson responded in the negative. Johnson then stipulated that he qualified for habitualization. At no point during the plea colloquy did anyone mention a guidelines sentence. Because the specific issue about which Johnson claims counsel misadvised him was explored during the plea colloquy, the record satisfactorily refutes this claim. See Bond v. State, 695 So.2d 778 (Fla. 1st DCA 1997).
The trial court also attempted to use the plea colloquy to refute Johnson's claim that he was threatened by his attorney with a harsher sentence post-trial. Specifically, Johnson alleged that his attorney erroneously told him that if he went to trial and was convicted, the court would be legally required to impose the maximum habitual offender sentence of thirty years.
In denying this claim, the trial court relied on Jones v. State, 680 So.2d 585 (Fla. 4th DCA 1996), which is factually indistinguishable from this case. In Jones the court held that the fact that the trial court informed the defendant of the maximum sentence that could be imposed upon a plea, the defendant's acknowledgment that he understood the sentence, and his *715 failure to raise any questions at the plea conference, barred him from raising the issue in a rule 3.850 motion. See id. In a well-reasoned dissent, Judge Stevenson wrote that although the plea colloquy informed the defendant of the maximum sentence that he faced after entering a plea, it did not address the issue of what sentence would be imposed after trial. An unschooled defendant would not, then, have been prompted to make any additional inquiry.
Because we agree with Judge Stevenson's reasoning, we adopt his dissent and decline to follow Jones. We hold that the plea colloquy in this case does not refute Johnson's claim that he was erroneously told by counsel that a conviction following a trial would result in the mandatory imposition of the maximum habitual offender sentence, and we remand for an evidentiary hearing on this issue.
Johnson also alleges that counsel was ineffective for failing to review his scoresheet with him or otherwise investigate its accuracy, and that if his attorney had done so he would have discovered that it contained three erroneous convictions. From the attachments to the order of denial it is impossible to determine whether the convictions that Johnson claims are erroneous were included in or were in addition to the convictions referenced during the plea colloquy. We reverse and remand on this issue as well.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and PATTERSON and GREEN, JJ., Concur.