PER CURIAM.
Clarence Brakeall appeals the denial of his motion for postconviction relief brought *378 pursuant to Florida Rule of Criminal Procedure 3.850. Brakeall pleaded guilty to DUI manslaughter in exchange for a negotiated plea of eight years in prison. He alleges that his attorney told him that he would serve only forty-seven months of that sentence and that the trial court confirmed this at his plea hearing by stating that he would serve “forty something”. months. A copy of the transcript of the plea hearing verifies that the judge made this statement. According to Brakeall, however, when he arrived at the Department of Corrections, he learned that he would in fact serve in excess of sixty months. Brakeall further asserts that he would have proceeded to trial had he known the true length of the sentence he would serve as a result of the plea agreement.
Biakeall’s motion is facially sufficient. See, e.g., Carmichael v. State, 631 So.2d 346(Fla. 2d DCA 1994). The trial court, however, found that the claim was conclusively refuted by the record. The trial court relied on the transcript and on a written plea form executed by Brakeall. As noted, the transcript fails to refute Brakeall’s allegation and, in fact, supports it. The plea form, on the other hand, includes the following disclaimer:
I understand that the Department of Corrections is solely responsible for awarding gain time or any type of early release. I understand that any information I have received concerning gain time or early release is strictly an estimate and is not part of any plea discussion or agreement.
Nonetheless, in light of the sentencing court’s statement during the plea hearing that Brakeall would only serve “forty something” months, we cannot agree that' the notice on the plea form conclusively refutes Brakeall’s claim that he entered his plea based on the understanding that he would only, serve forty-seven months in prison. Therefore, we reverse and remand for an evidentiary hearing.
Reversed and remanded.
FULMER, A.C.J., and GREEN and DAVIS, JJ., Concur.