823 So.2d 830 (2002)
Toby Emilo DOW, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-944.
District Court of Appeal of Florida, Second District.
August 14, 2002.
*831 CASANUEVA, Judge.
Toby Dow appeals the order summarily denying his timely motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Dow raised three claims in his motion. We agree in part with the trial court and thus affirm the denial of two of Dow's claims. However, we conclude that Dow articulated a facially sufficient claim that his plea was involuntary. Because that claim is not refuted by the record attachments, we reverse and remand for further proceedings on that issue.
In his first claim for relief, Dow stated his counsel promised him that the plea would result in youthful offender sanctions (rather than adult sanctions) and that he would not have pleaded if he had not been misled by counsel's advice. This is a facially sufficient claim for relief. See Ricardo v. State, 647 So.2d 287 (Fla. 2d DCA 1994). The issue in this appeal is whether the record provided by the trial court refutes Dow's claim.
The trial court's denial of Dow's motion relies on Bermudez v. State, 603 So.2d 657 (Fla. 3d DCA 1992), wherein the court held that the trial court's statements to the defendant cured the misadvice the defendant received from his counsel regarding the consequences of his plea, so that the misadvice did not affect the voluntariness of the defendant's plea. In the instant plea colloquy, the court informed Dow that there was no negotiated sentence, that his minimum sentence was 82.6 months' incarceration, and that he faced a maximum sentence of life on the carjacking and robbery charges.
In his motion, Dow acknowledges all of these statements. However, unlike Bermudez, the trial court in this case did not directly ask Dow about the ultimate question at issue in this appeal: Did counsel promise Dow that he would receive youthful offender sanctions?
Section 958.04(2)(d), Florida Statutes (1997), indicates that the maximum incarcerative sentence for a youthful offender is six years. Therefore, the minimum sentence of 82.6 months' incarceration, as the trial court stated, clearly exceeded any possible youthful offender sentence by almost a year. Nonetheless, the court's statements to Dow do not cure counsel's alleged misadvice that Dow was receiving a youthful offender sentence.
In order to adequately refute a claim like this from the record, the discussion with the court must explore the specific issue upon which the defendant asserts he was misadvised. Johnson v. State, 736 So.2d 713 (Fla. 2d DCA 1999). In Johnson, the defendant claimed he was promised a guidelines sentence by counsel, but he received a habitual offender sentence. This court found that the claim was adequately refuted by the record where (1) the trial court had explored Johnson's awareness that he faced habitual offender sanctions, (2) the trial court informed him that he qualified for habitual offender sanctions, and (3) a guidelines sentence was not mentioned as a possibility. This case is distinguishable from Johnson because in this case the court did not mention that the sanctions Dow faced were adult sanctionsnot youthful offender sanctions.
Accordingly, we reverse the trial court's order and remand for further proceedings. *832 On remand, should the trial court again summarily deny Dow's motion, it shall attach those portions of the record that conclusively demonstrate he is not entitled to relief.
Affirmed in part, reversed in part, and remanded for further proceedings.
SALCINES, J., Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I agree that existing precedent supports a reversal in this case. I believe, however, that the case law should be reexamined in light of the creation of Florida Rule of Criminal Procedure 3.170(l).
Mr. Dow claims that his lawyer lied to him. He entered an open plea allegedly because his lawyer promised him that he would receive a youthful offender sentence for the offenses of carjacking with a deadly weapon, robbery with a deadly weapon, and obstructing a police officer with violence. The trial court accepted his open plea, informing him that his minimum sentence would be 82.65 months' incarceration. The trial court deferred sentencing until a later date after the preparation of a PSI.
When Mr. Dow was sentenced in October 1999, he received a sentence of 120 months' incarceration followed by 3 years' probation. The instant he received this sentence, he must have known that it was not a 6-year youthful offender sentence. Rule 3.170(l) gave him 30 days to file a motion to withdraw his plea on grounds that it was involuntary. Such a motion could have been reviewed quickly and resolved at a time when the plea negotiations were fresh in the minds of all participants. Mr. Dow did not file this motion and did not appeal his sentence.
In May 2001, Mr. Dow filed this motion, alleging for the first time that his lawyer had lied to him many months earlier. I recognize that this motion is timely pursuant to Florida Rule of Criminal Procedure 3.850. Nevertheless, rule 3.850 is intended to permit defendants to challenge matters that could not be raised on direct appeal. Since the creation of rule 3.170(l) in January 1997, involuntary plea issues can be preserved for direct appeal and resolved on direct appeal. See Williams v. State, 821 So.2d 1267, (Fla. 2d DCA 2002).
Thus, a defendant in Mr. Dow's posture should now be required to file a timely motion pursuant to 3.170(l). I recognize that a defendant like Mr. Dow is unlikely to know about rule 3.170(l) unless his lawyer tells him about this option. As a result, he may also have the ability to file a motion pursuant to 3.850 alleging ineffective assistance of counsel because counsel failed to file that motion. If defendants were advised by the trial judge at the sentencing hearing that they had 30 days in which to file a motion to withdraw a plea on the grounds that it was not in accordance with promises made to them, we might be able to further restrict these postconviction motions.