975 So.2d 507 (2007)
James RILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2326.
District Court of Appeal of Florida, Fourth District.
December 12, 2007.
James Riley, Wewahitchka, pro se.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
James Riley challenges the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's summary denial of all claims except for ground seven, in which Riley alleged ineffective assistance of his trial counsel for failure to object to assessments on his sentencing guidelines scoresheet for prior uncounseled misdemeanor convictions. This is a legally viable claim for postconviction relief. Hannah v. State, 876 So.2d 655 (Fla. 2d DCA 2004); Hlad v. State, 585 So.2d 928 (Fla.1991). See generally Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
We reject the state's suggestion, devoid of any legal or factual basis in the record below, that defense counsel "presumably inquired" into whether this was the case at *508 the original sentencing in 1994. Also, we do not find any deficiency of counsel as alleged to have been harmless such that no prejudice could be shown. The record shows that appellant's sentence, if the misdemeanor convictions were uncounseled and erroneously included, exceeded the recommended and permitted ranges for his total score.
Accordingly, we affirm the trial court's summary denial of all grounds except for ground seven, and reverse the summary denial of that ground for the trial court to examine the record to determine whether anything conclusively refutes Riley's claim. If the trial court finds record grounds to refute this claim, it may again deny the motion, attaching to its order all supporting documentation. Otherwise, an evidentiary hearing may be required.
Affirmed in part, reversed in part, and remanded.
GUNTHER, WARNER and GROSS, JJ., concur.