WARNER, J.
 

 We affirm appellant’s sentences and reject his claim that he should have been allowed to withdraw his plea based upon misadvice of counsel as to the maximum sentence he would have to serve were he convicted at trial. While he alleges that counsel told him he would serve forty years, during the plea colloquy the trial court informed him that his maximum sentence for the crime of attempted robbery would be fifteen years, as well as 8.375 years for each of the other two charges against him.
 
 [1]
 
 He was sentenced to 8.375 years on each charge to be served concurrently. In
 
 Jones v. State,
 
 680 So.2d 585, 587 (Fla. 4th DCA 1996), we said in connection with a similar claim:
 

 Here, the judge correctly advised defendant as to [his sentence]. Defendant indicated that he understood the nature of the potential sentence. If he had been told something different by his lawyer, defendant was obligated to speak up at the plea conference and ask the court about the discrepancy. He could not stand mute, accept the benefits of the plea, and then collaterally attack its vol-untariness on the basis of something that should have been cleared up at the time of the plea.
 

 Similarly, after the trial court informed him of the maximum sentence which was substantially shorter than what he claims his counsel informed him, it was his obligation to clear this up if it was material to his acceptance of the plea.
 

 Affirmed.
 

 POLEN and HAZOURI, JJ., concur.
 

 [1]
 

 . Two of the charges were third-degree felonies, carrying a statutory maximum of five years, but the maximum sentence for appellant constituted the minimum permissible sentence under the Criminal Punishment Code, which was 8.375 years.
 
 See
 
 § 921.0024(2), Fla. Slat.