HAZOURI, J.
 

 In
 
 Riley v. State,
 
 975 So.2d 507 (Fla. 4th DCA 2007), this court reversed the trial court’s summary denial of claim seven in appellant’s motion for posteonviction relief, affirming the denial of his other claims. We remanded for attachment of portions of the record to refute appellant’s claim or an evidentiary hearing on it. In claim seven, appellant had alleged ineffective assistance of trial counsel for failure to object to assessments on his sentencing guidelines scoresheet for prior uncoun-seled misdemeanor convictions.
 

 On remand, the trial court summarily denied relief based on a subsequent response from the state which argued first that the motion was legally insufficient because appellant had alleged that he did not remember or recall ever waiving his right to counsel. Next, the state argued that the violation of probation sentencing proceeding showed that counsel told the court that he had reviewed the guidelines scoresheet with appellant several times. The state also argued that appellant did not object to his scoresheet at that time, but rather chose to remain silent and to subsequently raise this collateral challenge to it in a posteonviction motion. We reject these grounds for the trial court’s denial of posteonviction relief on remand.
 

 First of all, appellant argued in his motion for posteonviction relief that counsel failed to investigate his prior record by searching public records and conferring with him. Had his counsel done so, Riley alleges he would have discovered that they were uncounseled and thus could have affected his scoresheet point total.
 
 [1]
 
 He alleged in his motion that counsel did not have a conversation with him at all about his prior record for scoresheet assessment purposes. This remains a viable claim for posteonviction relief.
 

 
 *1287
 
 Secondly, we reject the state’s suggestion that appellant stood mute at sentencing, knowing that he had this ground to challenge his scoresheet. Just because counsel told the court that he had reviewed the scoresheet with appellant does not preclude this claim of ineffective assistance of counsel for failure to duly investigate the prior convictions.
 

 The state’s reliance on
 
 Jones v. State,
 
 680 So.2d 586 (Fla. 4th DCA 1996), is misplaced. In that case, the judge correctly advised appellant as to the possibility of a life sentence if he were found to be an habitual felony offender. Appellant later alleged that counsel had erroneously advised him that the life sentence was mandatory. There, the plea colloquy transcript itself refuted appellant’s claim. The court added that if the defendant had been advised something different than presented at his plea, he was obligated to speak up and ask the court about the discrepancy. He could not stand mute, accept the benefits of the plea, and then later make a collateral challenge to its voluntariness under a rule 8.850 motion when the matter could have been cleared up at the time the plea was entered.
 
 Id.
 
 at 587.
 

 Nothing comparable to that has been alleged here. Appellant’s claim was that counsel failed to investigate his prior misdemeanor convictions. It is not alleged or shown that appellant knew he had prior uncounseled misdemeanor convictions and yet stood silent at sentencing without bringing this to the court’s attention.
 

 We also reject the state’s argument made in its response to this court that the motion was legally insufficient for failure to allege that his right to counsel was not waived. Indeed, appellant did expressly allege on page 57 of his motion that if counsel had properly investigated his prior convictions, he would have discovered “that these priors were uncounseled, and that he never waived his right to counsel.”
 

 We earlier reversed and remanded for attachment of portions of the record refuting appellant’s claim seven, or an eviden-tiary hearing. Since the trial court has demonstrated now that there are no portions of the record to refute claim seven, we now reverse and remand for an eviden-tiary hearing on this claim.
 

 Reversed and Remanded.
 

 WARNER and STEVENSON, JJ., concur.
 

 [1]
 

 . Notably, the Florida Supreme Court has modified its holding in
 
 State v. Beach,
 
 592 So.2d 237 (Fla.1992), in a recent decision of
 
 State v. Kelly,
 
 999 So.2d 1029 (Fla.2008), in which the defendant argued that the state erred in using prior uncounseled misdemean- or convictions to increase a subsequent DUI from a misdemeanor to a felony. The court held that a defendant must allege: (1) that the offense was punishable by imprisonment; (2) that the defendant was indigent and entitled to court-appointed counsel; (3) that counsel was not appointed; and (4) that the right to counsel was not waived. Riley satisfied this requirement. This shifts the burden to the state to show that counsel was provided or that counsel was waived.