WARNER, J.
 

 We affirm the denial of appellant’s motion for postconvietion relief.
 

 Appellant was charged with a first degree felony of organized scheme to defraud, for stealing in excess of $200,000 from her employer, and five counts of grand theft for separate criminal conduct. She pled guilty to the charges and was sentenced to twenty-seven years in prison. In her postconviction relief motion, she claims that she was misadvised by defense counsel and the trial court of the maximum possible sentence, and thus should have been allowed to withdraw her plea.
 

 The record, however, conclusively refutes her allegations. Although the original plea colloquy could not be transcribed due to equipment failure, as part of the appellant’s direct appeal, the trial court reconstructed the colloquy at a hearing in the presence of both the defense attorney and the appellant. The judge stated that he would have informed her of the maximum sentence for each crime, which was thirty years for a first degree felony and five years for the third degree felonies. Neither the defense attorney nor the appellant objected to the judge’s reconstruction of the plea colloquy. And although the judge invited appellant to add anything to the record which she felt that the judge had not recollected accurately, she did bring up one addition but never objected to the judge’s recitation regarding the maximum sentence.
 

 Because the record as reconstructed shows that the court did advise the appellant of the maximum sentence of thirty years for the first degree felony and five years for the third degree felonies, the record conclusively refutes her claim of misadvice.
 
 See
 
 Fla. R. Crim. P. 3.850(d) (2011) (“If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing”);
 
 Jones v. State,
 
 680 So.2d 585 (Fla. 4th DCA 1996).
 

 Affirmed, as to all issues raised.
 

 HAZOURI and LEVINE, JJ., concur.