DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*January Term 2014*

**JAMES RILEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D11-4581

[July 2, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. 93-5064 CF10A.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

This is the third appeal by Riley of the denial of his motion for postconviction relief.[1]  *See Riley v. State*, 8 So. 3d 1285 (Fla. 4th DCA 2009); *Riley v. State*, 975 So. 2d 507 (Fla. 4th DCA 2007).  As one of his central themes, Riley continues to assert that a sentencing scoresheet used early on in the process was flawed.  He argues that certain misdemeanor convictions should not have been included in the scoresheet calculation because they were based on uncounseled pleas. In our most recent opinion we wrote:

> Notably, the Florida Supreme Court has modified its holding
> in *State v. Beach*, 592 So. 2d 237 (Fla. 1992), in a recent
> decision of *State v. Kelly*, 999 So. 2d 1029 (Fla. 2008), in

---

[1] The first two appeals were taken from summary denials while the instant appeal flows from a resentencing order which effectively denied postconviction relief.

which the defendant argued that the state erred in using prior uncounseled misdemeanor convictions to increase a subsequent DUI from a misdemeanor to a felony. The court held that a defendant must allege: (1) that the offense was punishable by imprisonment; (2) that the defendant was indigent and entitled to court-appointed counsel; (3) that counsel was not appointed; and (4) that the right to counsel was not waived. Riley satisfied this requirement. This shifts the burden to the state to show that counsel was provided or that counsel was waived.

*Riley*, 8 So. 3d at 1286 n.1.

The record reflects that in his postconviction motion, Riley challenged the assessment of points for four misdemeanor convictions. On remand from the last appeal, the state established that Riley waived counsel as to two of the four misdemeanors—carrying a concealed weapon and disorderly conduct. However, the state has repeatedly failed to establish that counsel was provided or waived as to two traffic crimes.[2]

As the state has now had two opportunities to meet its burden and has been unable to do so with respect to two of the misdemeanors, we reverse and remand for the trial court to resentence Riley based on a scoresheet that does not include the convictions for the two traffic misdemeanors.

The other issues raised on appeal are without merit or moot.

*Reversed and remanded with instructions.*

MAY and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] On remand from the second appeal in this case, the state sought to add points to Riley's scoresheet for a prior conviction for fishing off a bridge. On appeal, Riley argues this prior conviction should not have been scored when he violated his probation as it was a noncriminal infraction. He is incorrect. The offense occurred in 1992. At that time, the offense was a misdemeanor. *See* § 316.1305, Fla. Stat. (1992).