EDWARDS, J.
Appellant entered a plea to a third-degree felony, and was later sentenced to sixty months in prison. He timely moved to withdraw his plea on the ground that his attorney assured him that he would receive the minimum sentence as set forth on the scoresheet. The trial court denied the motion to withdraw his guilty plea. On appeal, he asserts the trial' court abused its discretion in denying the motion to withdraw the plea. We affirm.
Florida Rule of Criminal Procedure 3.170(l) permits a defendant to petition the trial court to withdraw the plea within thirty days of sentencing. However, any alleged misadviee from defense counsel as to the possible sentence may have been corrected during the plea colloquys by the judge correctly advising defendant of the potential or maximum sentence. Mays v. State, 3 So.3d 423, 424 (Fla. 4th DCA 2009). A defendant is not allowed to -withdraw his or her guilty plea after sentence has been imposed based on the alleged misadviee of" defense counsel as to the maximum length' of his sentence where, during the plea colloquy, both the defense attorney and the court informed the defendant of the maximum sentence that he faced. Nelfrard v. State, 34 So.3d 221, 223 (Fla. 4th DCA 2010).
However, the appellate record in this case does not contain the plea agreement or any transcripts of plea negations, plea colloquy, or sentencing. It is unclear from the record what Appellant may have been told by his attorney, the prosecutor, or the trial judge, during the plea colloquy, for example, with regard to the possible range of sentences or maximum sentence that could be imposed. In an appellate proceeding, the decisions of a trial court have the presumption of correctness and the burden is on the Appellant to demonstrate error. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Florida Rule of Appellate. Procedure 9.200(e) places the burden on the appellant to ensure the appellate record is complete and transmitted, in accordance with the-appellate rules. Fay v. Craig, 99 So.3d 981, 982 (Fla. 5th DCA 2012). The appellate record is devoid of any support for Appellant’s position. Therefore, Appellant has not met his burden of demonstrating that the trial court abused its discretion by denying the motion to withdraw the plea.
AFFIRMED.
LAWSON, C.J. and TORPY, JJ., concur.