538 So.2d 90 (1989)
Johnny ELLISON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1097.
District Court of Appeal of Florida, First District.
February 7, 1989.
*91 David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for appellant.
Royall P. Terry, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Ellison appeals his conviction and sentence for aggravated assault with a firearm, use of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He contends that he was improperly convicted of both aggravated assault with a firearm and use or display of a firearm during the commission of a felony. We agree and reverse.
Criminal offenses are separate offenses only if each offense requires proof of an element that the other does not. § 775.021(4), Fla. Stat. Aggravated assault with a firearm, §§ 784.021 and 775.087(2)(a), Fla. Stat. (1987), requires the same elements of proof required in proof of use or display of a firearm during the commission of a felony. § 790.07(2), Fla. Stat. (1987). The double jeopardy prohibition precludes Ellison from being punished twice for the same offense. Therefore, he can be convicted and sentenced for either one of the offenses but not both.
The state incorrectly contends that § 775.087 mandates that the third degree felony of aggravated assault with a firearm be reclassified as a second degree felony. Section 775.087 requires reclassification only if the use of a firearm or weapon is not an essential element of the felony charged. Use of a firearm is an essential element of aggravated assault with a firearm.
Reversed and remanded for resentencing.
WENTWORTH, THOMPSON and WIGGINTON, JJ., concur.