604 So.2d 559 (1992)
Gregory EADY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-460.
District Court of Appeal of Florida, First District.
August 28, 1992.
Gregory Eady, pro se.
No appearance for appellee.
JOANOS, Chief Judge.
Appellant, Gregory Eady, appeals the denial of his motion for post-conviction relief from the 35-year negotiated sentence upon his plea of guilty to second degree murder. Of the four grounds presented as the basis for relief, appellant's intertwined claims of an involuntary plea and ineffective assistance of counsel are not conclusively refuted by the signed negotiated plea and sentence form relied upon by the trial court for summary denial of the motion. Therefore, we reverse and remand for further proceedings.
In support of his involuntary plea and ineffective assistance of counsel claims, appellant alleged his counsel assured him he would serve no more than five years of the 35-year sentence, and that he was at risk for a 50-year sentence if he insisted upon going to trial and was found guilty. With respect to the early release claims, appellant alleged his counsel advised him that he was eligible for provisional credits, and he would be given a control release date which *560 would reduce in proportion to the provisional credits given each month. Subsequently, appellant was informed by Department of Corrections personnel that, due to his conviction for second degree murder, he was ineligible for provisional credits and a control release date. With respect to the lengthy sentence claims, appellant alleged that his counsel coerced his plea by telling him that if he insisted upon a trial and was found guilty, the judge would be angered at the waste of taxpayers' money and would impose a 50-year sentence. Later, appellant was told that the maximum sentence for a life felony is forty years, and concluded his counsel's advice on the matter was erroneous. Appellant asserted that absent his counsel's erroneous advice regarding provisional credits and an early release from incarceration, he would not have pled guilty, and would have insisted upon going to trial.
In addition to the foregoing allegations of counsel's misrepresentations and coercion, appellant alleged the trial court relied upon an invalid reason for departure from the recommended guidelines sentence, and the scoresheet used at sentencing was calculated incorrectly. The scoresheet used in this case scored appellant's second degree murder conviction as a first degree felony punishable by life, for which 150 points were assessed. The total points scored specified a recommended guidelines sentencing range of twelve to seventeen years. As reason for departure, the scoresheet bears the notation that the departure was in the interest of justice.
The trial court rejected appellant's claim of an involuntary plea, finding it refuted by the signed plea and negotiated sentence form. The court further found that the record shows appellant acknowledged the agreement for sentence, said sentence did not include the alleged erroneous advice concerning provisional credits, and appellant stated he had not been threatened, coerced, or intimidated to plead guilty. The trial court rejected the departure sentence argument on the basis of the plea bargain, and rejected the inaccurate scoresheet argument and ineffective assistance of counsel arguments, finding appellant's allegations in both regards without merit. The order references the attached first page of the plea of guilty and negotiated sentence form, as refuting appellant's claims to entitlement to post-conviction relief.
At the outset, we agree that relief is not warranted with respect to appellant's scoresheet and departure sentence challenges. It is well settled that a plea bargain may serve as a clear and convincing reason for a departure sentence when accepted as an integral part of the plea agreement. Smith v. State, 530 So.2d 304, 305 (Fla. 1988); Quarterman v. State, 527 So.2d 1380, 1382 (Fla. 1988); Thornburg v. State, 591 So.2d 1121 (Fla. 1st DCA 1992). Since the record in this case reflects that the departure sentence was integral to the plea bargain, appellant's challenge to the validity of the reason for departure must fail.
Turning to the scoresheet challenge, appellant correctly asserted that assessment of 150 points under the category of first degree felony punishable by life was improper. "A capital felony and a life felony must be so designated by statute." § 775.081(1), Fla. Stat. (1989). Second-degree murder, appellant's convicted offense, is designated by statute as "a felony of the first degree, punishable by imprisonment for a term of years not exceeding life ..." § 782.04(2), Fla. Stat. (1989). In view of the statutory designation, the second-degree murder conviction should have been scored as a first-degree felony, without the punishable by life designation. Nevertheless, the scoresheet error in this case was harmless, because deletion of the excess points places appellant in the same guidelines recommended sentencing range. See Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), approved, 586 So.2d 340 (Fla. 1991).
Next, we address appellant's claims that his counsel provided ineffective assistance, thereby rendering appellant's guilty plea involuntary. As a general rule, claims of coercion or ineffective assistance of *561 counsel are refuted by oral statements to the contrary as reflected in the transcript of a sentencing hearing, or by written statements to the contrary contained in a negotiated plea. See Rackley v. State, 571 So.2d 533, 535 (Fla. 1st DCA 1990); Stewart v. State, 511 So.2d 375 (Fla. 1st DCA 1987); Hagans v. State, 492 So.2d 753 (Fla. 1st DCA 1986). Similarly, allegations that counsel failed to inform the defendant regarding his eligibility for various types of gain-time are insufficient to warrant post-conviction relief, absent a further allegation that counsel affirmatively misrepresented the defendant's eligibility for various types of gain-time. Levens v. State, 598 So.2d 120 (Fla. 1st DCA 1992); Wright v. State, 583 So.2d 399 (Fla. 1st DCA 1991). In other words, the defendant must allege that he or she relied upon affirmative erroneous advice in making a decision to enter a plea. Wright, 583 So.2d at 400.
Obversely, allegations that counsel gave erroneous advice that the defendant would be eligible for provisional gain-time credits and early release, and affirmative statements that the defendant would serve a sentence less than the negotiated sentence, have been held sufficient to undercut the voluntary character of a plea. In such circumstances, the defendant's showing of prejudice is subject to rebuttal by evidence from the record or live testimony at an evidentiary hearing. See Rackley, 571 So.2d at 535; Gonzalez v. State, 590 So.2d 1080 (Fla. 2d DCA 1991); Tarpley v. State, 566 So.2d 914 (Fla. 2d DCA 1990). See also Levens.
In the instant case, the allegations of appellant's motion bring it under the rule applied in Rackley and Tarpley, rather than the rule pronounced in Wright. Appellant alleged that his decision to plead guilty was based on his counsel's misrepresentations concerning his eligibility for provisional gain-time credits and early release, and counsel's advice that he would serve no more than five years of the 35-year sentence. These allegations are sufficient to cast doubt on the voluntary character of the guilty plea, within the contemplation of Rackley and Tarpley. The absence of a reference to provisional credits on the plea form does not conclusively refute appellant's sworn allegations that his counsel advised appellant he would be eligible for provisional credits, or that his counsel affirmatively misrepresented the actual length of time appellant would be required to serve on his sentence.
Appellant's allegations that his decision to plead guilty was based on his counsel's affirmative misrepresentations that he would be eligible for early release through provisional credits, and that he would serve no more than five years of his sentence, have not been refuted conclusively by the single scoresheet page attached to the order denying relief. Accordingly, the order denying post-conviction relief is reversed and remanded for further proceedings pursuant to Florida Rule of Criminal Procedure 3.850.
SHIVERS and WIGGINTON, JJ., concur.