622 So.2d 61 (1993)
Gregory Julius EADY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-623.
District Court of Appeal of Florida, First District.
July 19, 1993.
Gregory Julius Eady, appellant pro se.
No appearance for appellee.
PER CURIAM.
Gregory Julius Eady has appealed from an order of the trial court, entered on remand in Eady v. State, 604 So.2d 559 (Fla. 1st DCA 1992), denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We reverse, and remand for an evidentiary hearing.
Eady pled guilty to second-degree murder in return for a 35-year sentence. He thereafter filed a 3.850 motion alleging that he had entered his plea based on assurances by trial counsel that he would be eligible for provisional credits, and thus would serve no more than 5 years. Department of Corrections personnel later informed Eady that, due to the nature of his offense, he was not eligible for provisional credits. Eady alleged that, absent counsel's affirmative misinformation, he would not have entered the plea, but would have insisted on a trial. The trial court denied the motion, finding it refuted by the signed plea form. The form indicated that Eady both agreed to a sentence which did not specify provisional credits, and stated that his plea had not been coerced.
Eady appealed. This court held that the allegations that counsel erroneously advised Eady that he would be eligible for provisional credits, and affirmatively misrepresented the actual length of time he would be required to serve, were sufficient to undercut the voluntary character of the plea. Eady, 604 So.2d at 561. The court further found that the plea form did not conclusively refute the allegations, and remanded for further proceedings.
The trial court reconsidered the motion on remand, and entered the instant order on January 20, 1993. The court again denied the motion, this time finding it refuted by the transcript of the plea proceeding, at which Eady acknowledged that his attorney had explained the plea to him, that he had had sufficient time to consider it, and desired to plead guilty. The court also cited Simmons v. State, 611 So.2d 1250 (Fla. 2d DCA 1992) (where the plea does not specify a sentence, and the defendant does not reveal at the plea proceeding any sentencing expectations he may have, he is generally estopped from later arguing ineffective assistance of counsel regarding those expectations).
Careful examination of the transcript attached by the trial court to the order on remand convinces us that there is nothing therein refuting Eady's allegation that trial counsel affirmatively misinformed him that *62 he would be eligible for provisional credits, and thus for early release.[1] The transcript does not show that the trial court ascertained, prior to accepting the plea, that Eady had been given no further promises or had no further expectations regarding his sentence.[2] We therefore reverse, and remand for an evidentiary hearing, at which evidence can be received as to trial counsel's representations regarding Eady's possible sentence.
Reversed and remanded with directions.
JOANOS and ALLEN, JJ., concur.
BOOTH, J., dissents.
BOOTH, Judge, dissenting.
I would affirm the trial court's denial of the motion. Appellant fails to allege that but for the ineffective assistance of counsel, he would have gone to trial with a more favorable result than he obtained through the plea bargain.
NOTES
[1] The Simmons case cited by the trial court is factually distinguishable in that the defendant therein, unlike Eady, did not allege that trial counsel affirmatively misrepresented the gain-time consequences of the plea.
[2] Although the plea form indicated that the plea was not induced by a promise of anything outside the specified sentence, this court has already found that the form did not conclusively refute Eady's allegations.