YAN NORTWICK, Judge.
Appellant, Donald Smith, seeks reversal of the denial of a motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Because the copies of the portion of the files and records attached to the trial court’s order do not conclusively show that appellant is entitled to no relief with respect to one of his claims of ineffective assistance of counsel, as required by Rule 3.850, we affirm in part, reverse in part, and remand for an evidentiary hearing.
Appellant pled guilty to two counts of attempted kidnapping and one count of displaying obscene materials to a minor; he was sentenced to 15 years. Appellant agreed to the 15 year sentence, he claims, on the advice of his trial counsel. Appellant alleges that his defense counsel affirmatively represented that appellant would serve less time actually incarcerated with a 15 year sentence than he would serve if given an enhanced 6 year sentence as a habitual felony offender, a sentence which the prosecution would have allegedly sought absent a plea agreement.
Upon incarceration, appellant requested the Department of Corrections (DOC) to advise him of the length of time he would actually be incarcerated under both a 6 year enhanced sentence and a 15 year term of imprisonment. DOC informed appellant that a 6 year sentence would constitute a total of 2,190 days and, subtracting basic gain-time of 720 days, would result in 1,470 days served in incarceration; and, that a 15 year sentence constitutes a total of 5,475 days and, subtracting 1,800 days of basic gain-time, results in 3,675 days actually served in incarceration.[1] Appellant has consistently maintained that the 6 year habitual offender sentence would have resulted in less time actually served than his 15 year sentence.
In his 3.850 motion, the appellant claimed (i) that his plea was not voluntarily and knowingly made because he was taking certain prescribed medications at the time the *214 plea was entered; (ii) that trial counsel was ineffective for failing to inform the trial court of the fact that appellant was taking medication; and (in) that trial counsel was ineffective in providing appellant erroneous advice concerning the sentencing alternatives described above.
The lower court denied relief, without resort to an evidentiary hearing, by reference to the plea of guilty and negotiated sentence form and to the plea colloquy/sentencing hearing transcript,[2] both of which were attached to the lower court’s order. We agree with the lower court that the plea/sentenee form and the transcript conclusively belie appellant’s claims that his plea was involuntary and that trial counsel was ineffective for failing to mention the prescribed medication. We cannot agree with the lower court, however, that the record excerpts “conclusively show that [appellant] is entitled to no relief,” Rule 3.850 Florida Rules of Criminal Procedure, in connection with appellant’s claim of ineffective assistance for the giving of erroneous sentencing information. Without making any findings as to whether a 6 year habitual felony offender sentence would have resulted in appellant serving less time than would the 15 year sentence imposed upon appellant, or whether trial counsel was in fact ineffective, we find that appellant has stated a sufficient claim to entitle him to an eviden-tiary hearing on the authority of Eady v. State, 604 So.2d 559 (Fla. 1st DCA 1992).
In Eady, the defendant entered a guilty plea allegedly based upon the advice of his trial counsel that the defendant would be eligible for provisional credits, when he was not entitled to such credits. On appeal from a denial of the defendant’s motion under Rule 3.850, this court reversed and remanded for an evidentiary hearing, ruling that allegations of such erroneous advice were “sufficient to east doubt on the voluntary character of the guilty plea,” id. at 561, and that the plea colloquy and negotiated plea form attached to the trial court’s order did not conclusively show the defendant was not entitled to relief. Id.
The state argues that reversal and remand for an evidentiary hearing on this specific ground is precluded by Horton v. State, 646 So.2d 253 (Fla. 1st DCA 1994), in which this court affirmed the lower court’s denial of a motion to withdraw a nolo plea. We do not agree. There was no claim in Horton that the defendant received erroneous advice; rather, the defendant in Horton complained that he was not given enough details about the consequences of an habitual felony offender sentence to make the plea knowing and voluntary one. However, in Horton, this court found that the record on appeal belied any assertion that the plea entered was in fact involuntary. In the instant case, by contrast, appellant has claimed ineffective assistance for the rendering of allegedly erroneous advice on which appellant relied. We distinguish the failure to advise, especially under the circumstances in Horton, from the affirmative counseling with misinformation, as alleged here.
Accordingly, the instant case is remanded for an evidentiary hearing pursuant to Rule 3.850(d) on the ineffective assistance claim noted above. We affirm the lower court’s denial of relief on the remaining grounds.
REVERSED and REMANDED.
BOOTH and JOANOS, JJ., concur.

. It appears that in its response to appellant, contained in the record, DOC failed to identify the 6 year term as an enhanced sentence. As a result, the information provided by DOC may be somewhat misleading in that the 6 year habitual offender sentence cannot be reduced by basic gain-time. § 775.084(4)(e), Fla.Stat. Nevertheless, even when the basic gain-time is added back to the 6 year enhanced term, resulting in a total of 2,190 days in incarceration, the 6 year enhanced sentence would still be shorter than the 15 year term minus gain-time (which, according to DOC, results in a total of 3,675 days served in incarceration).

. This excerpt reflects that appellant asked for more time to consider the guilty plea before entering it, and, thereafter, appellant conferred with his defense counsel. Then, defense counsel stated to the court;
I've gone over with him the fact that if the Attorney General’s opinion is applicable [appellant] would be serving more time on the 6 year HO and he still wishes to go with this [i.e., the 15 year prison term] ... Basically, I was educated today from the State Attorney about this Attorney General’s opinion and I have related that information to [appellant].
On appeal, neither appellant nor the state has identified which opinion of the attorney general trial counsel was referring to.