PER CURIAM.
Arthur James’ allegation that his plea to three counts of aggravated battery was not knowing and voluntary because his trial counsel affirmatively misinformed him that, through the operation of control release, he would serve only seven months of his twelve-year sentence in prison states a facially sufficient claim for relief under Rule 3.850, Florida Rules of Criminal Procedure.
Where a petitioner alleges that trial counsel affirmatively misinformed him as to the amount of time petitioner would spend in prison, the plea agreement form and the petitioner’s oral statements at the sentencing hearing acknowledging that the plea is knowing and voluntary do not conclusively establish no entitlement to relief. Eady v. State, 604 So.2d 559 (Fla. 1st DCA 1992); appeal after remand, 622 So.2d 61 (Fla. 1st DCA 1993). See also Smith v. State, 667 So.2d 213 (Fla. 1st DCA 1995). We reverse and remand for attachment of record conclusively refuting James’ entitlement to relief, or for an evidentiary hearing on this issue.
BOOTH, WOLF and BENTON, JJ., concur.