675 So.2d 950 (1996)
Silas GILYARD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2102.
District Court of Appeal of Florida, First District.
March 11, 1996.
Appellant, pro se.
No appearance for the State.
PER CURIAM.
Silas Gilyard appeals the denial of his motion for postconviction relief made pursuant to Florida Rules of Criminal Procedure 3.850. He alleges that his guilty plea to a violation of probation charge was not knowing and voluntary because his trial counsel affirmatively misinformed him as to the length of sentence he could receive. He also claims that had he known this information was erroneous he would not have pled guilty. The trial court denied appellant's motion by attaching portions of the plea colloquy which indicate appellant entered his admission to a *951 violation of probation charge voluntarily. It appears from the record, however, that the trial court failed to refute appellant's facially sufficient claim that his plea was not informed and that his attorney provided insufficient assistance of counsel by misinforming him of the maximum sentence he could receive.
Allegations of erroneous advice regarding the amount of time a defendant could spend in prison are sufficient "to cast doubt on the voluntary character" of a guilty plea. Eady v. State, 604 So.2d 559, 561 (Fla. 1st DCA 1992); appeal after remand, 622 So.2d 61 (Fla. 1st DCA 1993). See also James v. State, 670 So.2d 976 (Fla. 1st DCA 1996).
Additionally, where a petitioner alleges that defense counsel affirmatively misinformed him as to the amount of time petitioner could spend in prison, the petitioner's oral statements at the sentencing hearing acknowledging that the plea is knowing and voluntary do not conclusively refute petitioner's allegations. Eady, supra. See Brown v. State, 647 So.2d 197, 198 (Fla. 1st DCA 1994). If Gilyard's allegations prove to be true, it would appear that his attorney has failed to provide adequate assistance of counsel.
We find that the trial court has failed to refute appellant's allegation that his plea was entered involuntarily based on misinformation from his counsel regarding the maximum time he could serve for his admission of violation of probation. Therefore, on remand we order the trial court to either attach portions of the record conclusively refuting Gilyard's entitlement to relief, or to hold an evidentiary hearing regarding appellant's claim on this issue.
We reverse and remand for the trial court to proceed in accordance with this opinion.
BOOTH, WOLF and BENTON, JJ., concur.