PER CURIAM.
The appellant challenges the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We reverse that portion of the order by which the trial court denied the appellant’s claim that his trial counsel was ineffective in giving him affirmative misadviee as to control release credits and the time he would serve on a habitual offender sentence and for failing to advise him that the lab report did not reveal that his fingerprints were at the crime scene. The appellant asserts that absent this misadviee and the withholding of the lab results, he would not have pled to the offenses. Because the appellant’s allegations are facially sufficient, the trial court erred in summarily denying this claim without attaching portions of the record that refute the claim. See, e.g., James v. State, 670 So.2d 976 (Fla. 1st DCA 1996); McCoy v. State, 598 So.2d 169 (Fla. 1st DCA 1992).
We otherwise affirm the order. Accordingly, the order is affirmed in part and reversed in part, and the case is remanded.
MINER, ALLEN and WEBSTER, JJ., concur.