PER CURIAM.
We affirm the trial court’s order denying appellant’s motion for postconviction relief, filed under Florida Rule of Criminal Procedure 3.800(a). Appellant, convicted of second-degree murder, a first-degree felony punishable by life, claims his sentence of 35 years in prison is illegal.
Section 775.082(3)(b), Florida Statutes provides that first-degree felonies are punishable “by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment.” Second-degree murder is “punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, 775.083 or 775.084.” § 782.04(2), Fla. Stat. Appellant argues that under these statutes the trial court could have sentenced him to up to 30 years in prison or for life in prison, but could not sentence him for a term of years greater than 30.
We previously rejected this position in Green v. State, 630 So.2d 1193 (Fla. 1st DCA 1994), as it applied to armed robbery with a firearm. Section 812.13, Florida Statutes, states that robbery with a firearm is a first-degree felony “punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, 775.083 or 775.084.” As the language in the two statutes is identical, a sentence for second-degree murder may be for a term of years greater than 30. See Mills v.. State, 642 So.2d 15 (Fla. 4th DCA 1994).
MINER, ALLEN and LAWRENCE, JJ., concur.