693 So.2d 74 (1997)
Tony PATTERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3311.
District Court of Appeal of Florida, First District.
April 28, 1997.
Tony Patterson, pro se.
No appearance for the State.
PER CURIAM.
Patterson appeals from denial of his motion to correct illegal sentence filed pursuant *75 to Florida Rule of Criminal Procedure 3.800. We affirm in part and reverse in part.
Appellant was sentenced in case number 87-2850 to two twelve-year terms on counts III and IV for aggravated assault. In case 87-2852 the court imposed fifty-year sentences on two counts of armed robbery. In his 3.800 motion appellant argues that although these sentences were negotiated, the court lacked authority to impose them because the sentences exceed the statutory maximums for those offenses. The trial court denied relief on both claims.
The basis for the lower court's denial of appellant's first claim for relief was that these third-degree felonies of aggravated assault had been reclassified to second-degree felonies pursuant to section 775.087, Florida Statutes, because appellant possessed a firearm during the commission of these crimes. If the twelve-year sentences were imposed for the offense of aggravated assault with a firearm under section 784.021(1)(a), Florida Statutes, however, appellant would be entitled to relief. This court has repeatedly held that the offense of aggravated assault with a firearm under section 784.021(1)(a) cannot be reclassified to a second-degree felony pursuant to section 775.087(1) because use of a firearm is an essential element of that offense. Harrelson v. State, 624 So.2d 828 (Fla. 1st DCA 1993); Ellison v. State, 538 So.2d 90 (Fla. 1st DCA 1989); Stinson v. State, 520 So.2d 680 (Fla. 1st DCA 1988). Because the trial court did not attach portions of the record to the order denying relief, however, we cannot make this determination. Accordingly, we reverse the trial court's denial of relief on this issue.
The trial court was correct in denying relief on appellant's second claim. Armed robbery is a felony of the first degree punishable by a term of years not exceeding life. § 812.13, Fla. Stat. Appellant's fifty-year sentences, therefore, are not illegal. See Green v. State, 630 So.2d 1193 (Fla. 1st DCA 1994).
The trial court's order is affirmed in part and reversed in part. Upon remand, if the trial court again determines that appellant's motion should be denied as to the first issue, the order should be supported by record attachments that conclusively refute appellant's claim.
MINER, ALLEN and PADOVANO, JJ., concur.