PER CURIAM.
Elwell appeals the summary denial of his motion for postconviction relief filed pursuant *1138 to Florida Rule of Criminal Procedure 3.850. We reverse.
Appellant pled guilty to charges of aiding and abetting robbery while armed and grand theft and was sentenced to thirty years in prison followed by ten years’ probation, the sentence the state agreed to recommend in the plea bargain. Appellant raised the following two claims of ineffective assistance of counsel in his motion for postconviction relief: (1) that, but for his trial counsel’s affirmative misrepresentations to him and his mother regarding the amount of his 30-year sentence that he would actually serve, appellant would not have pled guilty and would have opted for trial; and (2) that after being informed that appellant was intoxicated with drugs and alcohol during the offenses, counsel did not investigate the defense before rejecting it and leading appellant to believe that voluntary intoxication is not a defense to the crime of aiding and abetting a robbery while armed. The trial court found that these claims were conclusory and did not entitle appellant to relief. In addition the trial court attached to its order a copy of the plea agreement and the sentencing guidelines scoresheet.
Contrary to the trial court’s ruling, each of these claims is sufficiently pled to entitle appellant either to attachments from the record that conclusively refute this claim or an evidentiary healing, and the attachments to the court’s order in the instant case do not conclusively refute these claims. See State v. Leroux, 689 So.2d 235 (1996)(remanding for evidentiary hearing where record attachments did not conclusively refute ineffective assistance claim based on alleged erroneous advice regarding amount of sentence defendant actually would serve pursuant to plea bargain); Eady v. State, 604 So.2d 559 (Fla. 1st DCA 1992)(defendant must allege counsel affirmatively misrepresented defendant’s eligibility for gain time and that defendant relied on this affirmative erroneous advice in making plea decision); Brunson v. State, 605 So.2d 1006,1007 (Fla. 1st DCA 1992)(holding defendant’s claim that counsel failed to investigate and consider voluntary intoxication defense despite information that appellant consumed alcohol arid smoked crack cocaine a short time before offense was sufficient “to set forth the claim of ineffective assistance of trial counsel despite the fact that appellant signed a plea agreement indicating his satisfaction with counsel’s performance”). The state concedes that the claims are sufficiently pled and the cause should be remanded for evidentiary hearing. We agree.
Accordingly, without expressing any opinion regarding the merits of appellant’s claim, we reverse and remand for proceedings consistent with this opinion.
MINER, LAWRENCE and PADOVANO, JJ., concur.