PER CURIAM.
The appellant challenges an order by which the trial court summarily denied his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We conclude that the files and records attached to the trial court’s order fail to conclusively refute the claims that were properly before the trial court on the appellant’s motion. We therefore reverse the order and remand this case to the trial court.
The appellant pled guilty to escape and was sentenced to a term of 24 months to run consecutive to the sentence he was then serving for sale of cocaine. While incarcerated for his first offense, the appellant accrued an unspecified amount of gain time. Upon returning to prison after pleading guilty to the escape, the appellant learned that his gain time would be forfeited in accordance with section 944.28(1), Florida Statutes. In his motion, the appellant claims that his counsel affirmatively misled him by promising that his accrued gain time would be applied against his sentence for escape. The appellant alleged that as a result of this erroneous information, his plea of guilty was entered involuntarily. He also alleged that he would not have entered a plea of guilty but for the incorrect advice of his counsel.
The appellant’s motion set forth a color-able claim for relief. See Little v. State, 673 So.2d 151 (Fla. 1st DCA 1996); Eady v. State, 604 So.2d 559 (Fla. 1st DCA 1992). The trial court attached to the order the transcript of the appellant’s plea wherein the appellant acknowledged his understanding that his sentence for escape would be served only upon completion of the sentence for sale of cocaine. But the transcript does not conclusively refute the appellant’s assertion that he was advised and understood that the previously earned gain time would be applied against his sentence for escape. And the attachments do not otherwise conclusively refute the appellant’s claims.
The order is accordingly reversed and this case is remanded to the trial court for an evidentiary hearing or attachment of portions of the trial court record which conclusively refute the appellant’s claims.
MINER, ALLEN and MICKLE, JJ„ concur.