COPE, Judge
(concurring in part and dissenting in part).
Because defendant-appellant Luis Mario Rubalcaba challenged the fifty-year sentences imposed on counts I through VI, I concur that the trial court had the power to restructure the sentences so as to accomplish the original sentencing intent. See Blackshear v. State, 531 So.2d 956, 958 (Fla.1988); Fasenmyer v. State, 457 So.2d 1361, 1365 (Fla.1984). I would strike that part of the order which resentences the defendant on *1381 count VIII, because the five-year term on that count has been fully served and thus has expired.
I would point out that in reality the defendant’s only illegal sentence was on count I. On that count, fifty years was imposed on a life felony where the applicable legal maximum was forty years. See § 775.082(8)(a), Fla. Stat. (1983). Resentencing on that count was appropriate.
Counts II through VI were properly reflected on the judgment as first degree felonies, and each was a first-degree felony punishable by life imprisonment. See id. §§ 810.02(2), 812.13(2)(a).[1] As to those counts, fifty years was a legal sentence. See Patterson v. State, 693 So.2d 74, 75 (Fla. 1st DCA 1997). Although the trial court had the authority to restructure the sentences in response to defendant’s motion, it was unnecessary to do so because the sentences on counts II through VI were legal.

. The reference to section 775.087, Florida Statutes, on the judgment is evidently intended to refer to the three-year mandatory minimum sentence of section 775.087(2), which was imposed on counts I-VZ in this case.