PER CURIAM.
Tommy Dues appeals summary denial of his motion for post-conviction relief. For the reasons described below, we affirm in part, reverse in part, and remand for further proceedings.
Dues was tried and convicted of armed robbery and grand theft of an automobile. His motion for post-conviction relief alleged that these two convictions violated double jeopardy. Appellant may be correct if the armed robbery conviction was based solely upon the taking of the automobile. Sirmons v. State, 634 So.2d 153 (Fla.1994). The trial court incorrectly concluded that this claim was barred because it could have been raised on direct appeal. Lippman v. State, 633 So.2d 1061 (Fla.1994). Accordingly, we reverse. and remand to the trial court for further proceedings with regard to this claim.
Appellant’s argument that he was improperly given a habitualized sentence is without merit. This claim was based upon appellant’s mistaken theory that he was or should have been charged with a life felony. However, appellant’s armed robbery conviction was a first-degree felony punishable by life pursuant to section 812.13(2)(a), Florida Statutes. A defendant convicted of a felony in this degree may be habitualized. Burdick v. State, 594 So.2d 267 (Fla.1992). Re-classification of this crime to a life felony pursuant to section 775.087(l)(a) would have been improper. Standley v. State, 554 So.2d 1200 (Fla. 2d DCA 1989).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED FOR FURTHER PROCEEDINGS.
BARFIELD, C.J., and KAHN and WEBSTER, JJ., concur.