COPE, J.
Jose Betancourt appeals an order denying, in part, his motion for correction of illegal sentence. Relying on Eady v. State, 604 So.2d 559 (Fla. 1st DCA 1992), he contends that his sentences exceed the legal maximum, and that there are facial errors on the scoresheet. We believe that Eady is wrongly decided and affirm the trial court’s order denying relief.
In response to defendant’s motion to correct illegal sentence, the State conceded that there was a classification error on the kidnapping count which was clear from the face of the record.[1] The kidnapping count *558 was reclassified from a life felony to a first-degree felony punishable by life imprisonment. A recalculated scoresheet was prepared and the trial court resen-tenced the defendant to forty year concurrent terms on each of the four counts of which he was convicted.[2]
Defendant objected that under the Eady decision, a first-degree felony punishable by life imprisonment must be treated as an ordinary first-degree felony. Defendant presses that claim here, arguing that as a matter of law, he is entitled to have his scoresheet recalculated, and that his forty-year sentences exceed the legal maximum.
In Eady, the First District stated:
Turning to the scoresheet challenge, appellant correctly asserted that assessment of 150 points under the category of first degree felony punishable by life was improper. “A capital felony and a life felony must be so designated by statute.” Sec. 775.081(1), Fla. Stat. (1989). Second-degree murder, appellant’s convicted offense, is designated by statute as “a felony of the first degree, punishable by imprisonment for a term of years not exceeding life ...” Sec. 782.04(2), Fla. Stat. (1989). In view of the statutory designation, the second-degree murder conviction should have been scored as a first-degree felony, without the punishable by life designation. Nevertheless, the scoresheet error in this case was harmless, because deletion of the excess points places appellant in the same guidelines recommended sentencing range.
604 So.2d at 560 (citation omitted).
We respectfully disagree with Eady. The Florida Statutes authorize punishment for a first-degree felony as follows: “For a felony of the first degree, by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment...” Id. § 775.082(3)(b) (emphasis added). The fact that a first-degree felony can, where authorized by law, carry a life penalty does not convert it into an impermissible life felony. The sentencing guidelines and scoresheets are themselves statutory, see id. § 921.0015, and provide specific scores for first-degree felonies punishable by life imprisonment. See Fla. R. Cr. P. 3.988 (1990).[3] The defendant’s first-degree felonies punishable by life were all properly scored as such, and the forty-year sentences are within the legal maximum. See Burdick v. State, 594 So.2d 267, 268-69 (Fla.1992).
In his motion the defendant also argued, based on Eady, that his prior felony of one count of armed robbery should have been scored as a first-degree felony, not a first-degree felony punishable by life. We reject that argument as well, for the reasons already stated.
On this appeal, defendant contends that he also raised a challenge to the existence of his prior conviction for armed robbery. To the contrary, we read the defendant’s motion to acknowledge the existence of the prior conviction, contending only that under Eady it should have been scored as a first-degree felony, rather than a first-degree felony punishable by life imprisonment.
We doubt that the First District would follow the quoted portion of the Eady decision today. See Brown v. State, 24 Fla. L. Weekly D2753, D2754, - So.2d -, 1999 WL 1112715 (Fla. 1st DCA Dec. 8, *559 1999); Dues v. State, 716 So.2d 282, 283 (Fla. 1st DCA 1998); Patterson v. State, 693 So.2d 74, 75 (Fla. 1st DCA 1997); Roberts v. State, 685 So.2d 88, 89 (Fla. 1st DCA 1996); Knickerbocker v. State, 619 So.2d 18, 19 (Fla. 1st DCA 1993). We have, however, been unable to find that the First District has receded from it, so we are obliged to certify direct conflict.
Although the defendant has not requested this relief, we note that the life classification on the judgment for the kidnapping offense should be changed and remand for that purpose. Defendant need not be present.
Affirmed; direct conflict certified; remanded for correction of judgment.[4]

. Defendant’s conviction on count 4, kidnapping, was enhanced to a life felony because of the use of a firearm during the crime. See §§ 787.01, 775.087(1), Fla. Stat. (1989). The State acknowledged that only the codefendant personally possessed the firearm during the crime. Since the enhancement statute is applicable only to someone who personally possesses a weapon or firearm, see State v. Rodriguez, 602 So.2d 1270 (Fla.1992), the State conceded that the conviction on this count should not have been enhanced to a life felony. This concession was presumably based on the view that defendant was entitled to relief because the issue was clear on the face of the record. See State v. Mancino, 714 So.2d 429 (Fla.1998). The State agreed with defendant that he was entitled to correction of this error and recalculation of the scoresheet. Without the enhancement, the kidnapping *558 count became a first-degree felony punishable by'life imprisonment. See § 787.01(2), Fla. Stat. (1989).

. The defendant's four offenses at conviction were all treated as first-degree felonies punishable by life: count 1, second degree murder, see § 782.04(2), Fla. Stat. (1989); count 2, armed robbery, see id. § 812.13(2)(a), Fla. Slat.; count 3, burglary of an occupied structure with a firearm and assault, see id. § 810.02(2); count 4, kidnapping, see id. § 787.01(2).

. The defendant’s offense date was June 18, 1990.

. The defendant states that there is no written order which specifically denies his Eady claim. While it is true that there is no written order which specifically discusses Eady, we think that the trial court’s resentencing order in substance disposes of all of the defendant’s claims, and is therefore an appealable order for purposes of appellate review. By entering the order resentencing the defendant to concurrent terms of forty-years imprisonment, the trial court necessarily rejected the Eady claim. The transcript makes clear that the issue was presented to, and rejected on the merits by, the trial judge.