804 So.2d 313 (2001)
Jose BETANCOURT, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-2134.
Supreme Court of Florida.
December 13, 2001.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Valerie Jonas, and Billie Jan Goldstein, Assistant Public Defenders, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Robert A. Butterworth, Attorney General, Michael J. Neimand, Bureau Chief, Criminal Appeals, Assistant Attorney General, and Kristine Keaton, Assistant Attorney General, Fort Lauderdale, FL, for Respondent.
ANSTEAD, J.
We have for review the decision in Betancourt v. State, 767 So.2d 557 (Fla. 3d DCA 2000), which certified conflict with the decision in Eady v. State, 604 So.2d 559 (Fla. 1st DCA 1992). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons set forth below, we approve the Third District's decision in Betancourt and disapprove of Eady.

FACTUAL BACKGROUND
Jose Betancourt was charged with and found guilty of four first-degree felonies in which the applicable statutes that codify them specifically provide that they each constitute "a felony of the first degree, punishable by imprisonment for a term of years not exceeding life." §§ 782.04(2), 787.01(2), 810.02(2), 812.13(2)(a), Fla. Stat. (1989). Betancourt was charged in a four-count information with count 1: second-degree murder, count 2: robbery with a firearm, count 3: burglary of a structure with a firearm and assault or battery, and count 4: kidnapping. At trial, the jury returned verdicts of guilty for all of the crimes as charged. The trial court sentenced Betancourt to life imprisonment.
Thereafter, Betancourt filed a motion to correct illegal sentence contending that the kidnapping conviction was erroneously classified as a life felony for purposes of sentencing under the statutory guidelines. The State conceded that the kidnapping *314 count should be reclassified as a first-degree felony punishable by life, rather than a life felony, and a new scoresheet was prepared to correct this error. The resentencing scoresheet reflected a total score of 317 points, which translated into a recommended sentencing range of twenty-two to twenty-seven years imprisonment and a permitted range of seventeen to forty years. See Fla. R.Crim. P. 3.988(a). The trial court then resentenced Betancourt to four forty-year terms of imprisonment, all terms to run concurrent.
Betancourt appealed his resentencing, arguing that a first-degree felony punishable by life must be treated as an ordinary first-degree felony for purposes of the sentencing guidelines pursuant to the First District Court of Appeal's decision in Eady v. State, 604 So.2d 559 (Fla. 1st DCA 1992). See Betancourt v. State, 767 So.2d 557, 557 (Fla. 3d DCA 2000). The Third District Court of Appeal rejected this claim, affirmed the forty-year sentences, and certified its holding as being in direct conflict with the Eady decision.

ANALYSIS
Section 775.081, Florida Statutes, titled "Classifications of felonies and misdemeanors," states that "[a] capital felony and a life felony must be so designated by statute." § 775.081(1), Fla. Stat. (1989). Section 775.082, Florida Statutes, titled "Penalties," states that for first-degree felonies, a defendant is subject to "a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment." § 775.082(3)(b), Fla. Stat. (1989). On the other hand, section 775.082(3)(a) states that a defendant is subject to a term of imprisonment for life or by a term of imprisonment not exceeding forty years for a life felony committed on or after October 1, 1983.[1]
As noted, in seeking review Betancourt relies on Eady, where the First District held:
[A]ppellant correctly asserted that assessment of 150 points under the category of first degree felony punishable by life was improper. "A capital felony and a life felony must be so designated by statute." § 775.081(1), Fla. Stat. (1989). Second-degree murder ... is designated by statute as "a felony of the first degree, punishable by imprisonment for a term of years not exceeding life ..." § 782.04(2) Fla. Stat. (1989). In view of the statutory designation, the second-degree murder conviction should have been scored as a first-degree felony, without the punishable by life designation.
604 So.2d at 560. Betancourt asserts that in accordance with Eady, his resentencing scoresheet was improperly calculated because all four offenses were scored under the sentencing guidelines as first-degree felonies, punishable by life. See Betancourt, 767 So.2d at 558. He claims that he is entitled as a matter of law to have his scoresheet recalculated and his offenses scored only as first-degree felonies. He also asserts that his forty-year sentences exceeded the statutory maximum for first-degree felonies. See id.
*315 It appears the Eady court simply applied the Legislature's overall classification scheme for "life felonies" to trump the express provisions of the guidelines and to override the Legislature's express penalty provision of life for a second-degree murder conviction. In doing so, the Eady court failed to give effect to the express provisions of section 775.082, which allows for alternative penalties for first-degree felonies including life imprisonment when expressly provided. Similarly, the Eady court overlooked the express provisions of the sentencing guidelines that provide for separate scoring for first-degree felonies punishable by life.
While the Eady court did not address section 775.082, the Betancourt court expressed the view that section 775.082 authorized the punishment of life imprisonment for first-degree felonies when specifically provided by statute. See Betancourt, 767 So.2d at 558.[2] In its analysis, the Third District, in a majority opinion authored by Judge Cope, explained:
We respectfully disagree with Eady. The Florida Statutes authorize punishment for a first-degree felony as follows: "For a felony of the first degree, by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment...." Id. § 775.082(3)(b). The fact that a first-degree felony can, where authorized by law, carry a life penalty does not convert it into an impermissible life felony. The sentencing guidelines and scoresheets are themselves statutory, see id. § 921.0015, and provide specific scores for first-degree felonies punishable by life imprisonment. See Fla. R. Cr. P. 3.988 (1990). The defendant's first-degree felonies punishable by life were all properly scored as such, and the forty-year sentences are within the legal maximum. See Burdick v. State, 594 So.2d 267, 268-69 (Fla.1992).
Id. at 558 (footnote omitted).[3] We concur in this analysis and agree that the Legislature has expressed its clear intent both by providing for life imprisonment as a penalty for some first-degree felonies, and by express provisions in the sentencing guidelines for separate scoring for first-degree felonies punishable by life.
In Burdick v. State, 594 So.2d 267 (Fla. 1992), this Court considered the question of whether a first-degree felony punishable by life was subject to an enhanced sentence pursuant to the provisions of the habitual felony offender statute, which provided for sentence enhancement only for first-degree felonies rather than life felonies. The defendant argued that a first-degree felony punishable by life should be treated as the functional equivalent of a life felony and, hence, not subject to the *316 habitual felony offender statute. See id. at 268. This Court explained the Legislature's classification scheme for felonies, but concluded that regardless of the fact that some first-degree felonies were punishable by life, they should still be considered first-degree felonies for purposes of habitualization:
The legislature has created five categories of felonies: capital felony; life felony; felony of the first-degree; felony of the second-degree; and felony of the third-degree. There is no separate classification for first degree felonies punishable by life imprisonment. Thus, a first-degree felony, regardless of the sentence imposed by the substantive law prohibiting the conduct, is still a first-degree felony under both the statutory classification and under the habitual offender statute.
Id. at 268-69 (citations omitted). This Court rejected the appellant's claim that only those first-degree felonies not subject to life imprisonment should be subject to the habitual offender statute, and we held that a contrary holding would violate the policy behind the habitual offender statute to enhance punishments for habitual offenders. See id. at 269. However, nowhere in Burdick did we suggest that the Legislature's express provision for a life sentence for some first-degree felonies could be ignored.
Accordingly, we disapprove of the holding in Eady, and approve the Third District's decision affirming Betancourt's four forty-year concurrent sentences.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] The Second District has explained the apparent distinction between a life felony and a first-degree felony punishable by life when it stated: "[W]henever a court sentencing a life felony opts for a term of years in lieu of a life sentence, that court is limited to a sentence no harsher than forty years. Ironically, no such limitation is posed with respect to first degree felonies punishable by life. It has been held elsewhere that 300 years is less than `life.'" Greenhalgh v. State, 582 So.2d 107, 108 (Fla. 2d DCA 1991) (citations omitted).
[2] The Third District noted that the First District had rendered other decisions inconsistent with its reasoning in Eady but had not expressly receded from the Eady holding. See Brown v. State, 24 Fla. L. Weekly D2753, ___ So.2d ___, 1999 WL 1112715 (Fla. 1st DCA Dec.8, 1999) (affirming a life sentence for an armed burglary because it is a first-degree felony punishable by life); Dues v. State, 716 So.2d 282 (Fla. 1st DCA 1998) (affirming a habitualized sentence for a first-degree felony punishable by life); Knickerbocker v. State, 619 So.2d 18 (Fla. 1st DCA 1993) (affirming a habitualized life sentence for a first-degree felony punishable by life); see also Patterson v. State, 693 So.2d 74 (Fla. 1st DCA 1997) (affirming a fifty-year sentence for a first-degree felony punishable by life); Roberts v. State, 685 So.2d 88 (Fla. 1st DCA 1996) (affirming a thirty-five year sentence for a first-degree felony punishable by life).
[3] The Third District also remanded the case so that the life classification on the judgment for the kidnapping offense could be changed. See Betancourt. 767 So.2d at 558.