KELLY, Judge.
 

 On July 3, 2008, Ricky Lee Gilbert pleaded guilty to unlawful sexual activity with a minor. He was sentenced to two years of community control followed by eight years of sex offender probation. In June 2009, after two violations of community control, Gilbert was sentenced to twelve years in prison followed by three years’ sex offender probation. Gilbert filed a motion for postconviction relief on August 12, 2009, pursuant to Florida Rule of Criminal Procedure 3.850, raising two claims of ineffective assistance of counsel with regard to his initial plea. We reverse the denial of Gilbert’s motion.
 

 In his first claim, Gilbert alleges that his trial counsel was ineffective for, among other things, affirmatively misad-vising him that he could have unsupervised contact with his children, that he could work out of state, and that he would not be placed on a GPS monitor. Upon being notified by his probation officer that he could not have contact with his children, that he could not work out of state, and that he was to be placed on a GPS monitor, Gilbert requested his trial counsel file a motion to withdraw plea. On July 8, 2008, a motion to withdraw plea was filed. It is unclear whether the motion was ever ruled upon. As grounds for the motion, Gilbert’s counsel alleged that the State had no objection to Gilbert working out of state at the time of plea and that GPS monitoring was not a condition of the plea. The plea agreement itself includes the statement that no objection was raised to Gilbert’s having unsupervised contact with his biological children.
 

 In his rule 3.850 motion, Gilbert alleges that had his trial counsel properly advised him of the probation conditions he would not have pleaded guilty and would have gone to trial. His claim is facially sufficient. See
 
 Flores-Vega v. State,
 
 22 So.3d 721, 724 (Fla. 2d DCA 2009). In denying Gilbert’s first claim, the postconviction court found that the standard conditions of probation and the GPS monitoring were included in the plea form which Gilbert signed. The court also found that Gilbert’s lack of contact with his children and his not being permitted to work out of state were collateral consequences of the plea and, therefore, counsel was not required to advise Gilbert on these matters. The postconviction court failed to apply the law with regard to affirmative misad-vice of counsel as to collateral conse
 
 *173
 
 quences of a plea. The motion to withdraw plea and the plea agreement itself lend credibility to Gilbert’s allegations of affirmative misadvice, and if they are taken as true, it is clear counsel provided deficient performance.
 
 See Roberti v. State,
 
 782 So.2d 919, 920 (Fla. 2d DCA 2001) (“Affirmative misadvice about even a collateral consequence of a plea constitutes ineffective assistance of counsel and provides a basis on which to withdraw the plea”).
 

 In the context of a plea, the prejudice prong of the ineffective assistance of counsel test requires a showing that there is a reasonable probability that but for counsel’s errors, the defendant would not have pleaded guilty and would have insisted on going to trial.
 
 Zakrzewski v. State,
 
 866 So.2d 688, 694 (Fla.2003). In this instance, the motion to withdraw plea establishes that Gilbert was ready to withdraw his plea and go to trial.
 

 In his second claim, Gilbert contends his trial counsel was ineffective for failing to inform him that a Florida Department of Law Enforcement (FDLE) lab report indicated that no semen was found on the cervical or oral swabs of the victim. Gilbert claims that had counsel showed him the report he would not have pleaded guilty and would have proceeded to trial. Nothing in the record on appeal conclusively refutes Gilbert’s claim or suggests that Gilbert, had he known about the FDLE report, would not have proceeded to trial.
 
 See Armstrong v. State,
 
 679 So.2d 1282, 1283 (Fla. 1st DCA 1996).
 

 Accordingly, we reverse the denial of Gilbert’s rule 3.850 motion and remand for the postconviction court to either hold an evidentiary hearing or, if it again summarily denies the motion, to attach portions of the record that conclusively refute Gilbert’s claims.
 

 Reversed and remanded with instructions.
 

 WHATLEY and SILBERMAN, JJ, Concur.